■ ROBERT HENNIGAN, Appellant, v BUFFALO COURIER EXPRESS COMPANY, INC., et al., Respondents. — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff is a Buffalo police officer who was erroneously identified in a series of articles in the *Buffalo Courier Express* as a participant in a vicious beating of a city employee. In his defamation action against the newspaper, its former executive editor, and present and former reporters, he submitted a series of interrogatories. Defendants answered some interrogatories but moved to strike certain others on various grounds. Plaintiff brought a cross motion to compel more responsive answers. With respect to those interrogatories as to which there was a claim of privilege, Special Term correctly struck the interrogatories. New York's "shield law" (Civil Rights Law, § 79-h, subd [b]) provides defendants with a privilege against disclosure of both news and news sources (see *Greenberg v CBS Inc.,* 69 AD2d 693, 708); nevertheless, such privilege may be invoked only after there has been established an express or implied agreement of confidentiality (*Matter of Dack* [*Beni Broadcasting of Rochester*], 101 Misc 2d 490; *Matter of Andrews v Andreoli,* 92 Misc 2d 410). Special Term properly ordered stricken those interrogatories as to which defendant asserted the privilege with an accompanying allegation of a promise of confidentiality. With respect to Interrogatory No. 6 (a) directed to defendant

Roth, however, although defendant asserted the privilege, he did not claim that he had an agreement of confidentiality with his source. The "balancing of interests" test was employed prematurely by Special Term. The confidential relationship with the source must first be established in order to determine the interest to be balanced against that of a civil litigant. Full disclosure is the general rule and the burden of showing immunity from disclosure is on the party asserting it (*Koump v Smith*, 25 NY2d 287, 294; *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134, 135). Inasmuch as defendant Roth did not meet that burden with respect to Interrogatory No. 6 (a), he must be compelled to answer. Plaintiff seeks to compel defendant Pauly to submit more responsive answers to the interrogatories directed to him, to most of which he replied that he had "no current recollection". This was a major news story commanding daily headlines and extensive coverage. Eight separate articles concerning the incident appeared under Pauly's by-line during the period December 13 to December 26, 1978. It is difficult to accept the statements by this experienced reporter that he had virtually no present recollection as to the essential persons and information surrounding a story of this dimension. Such answers, given under similar circumstances, have been held to be patently evasive and tantamount to a refusal to answer (see *People v Schenkman*, 46 NY2d 232; *Matter of Ruskin v Detken*, 32 NY2d 293; *People ex rel. Valenti v McCloskey*, 6 NY2d 390, app dsmd 361 US 534). Nevertheless, at this stage of the litigation plaintiff may yet avail himself of the other disclosure devices to obtain the information sought and if defendant Pauly persists in his refusal to disclose, plaintiff may seek an appropriate sanction under CPLR 3126. We need only note that with respect to similar "no present recollection" answers by other defendants, if and when the requested information is recalled or becomes known to a defendant, he should promptly apply for leave to serve an amended answer to the interrogatories (CPLR 3134, subd [c]; *Kincaid v Sears, Roebuck & Co.*, 79 AD2d 1094, 1095). (Appeal from order of Erie Supreme Court, Cook, J. — motion to strike interrogatories.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Schnepp, JJ.