■ In the Matter of PENNZOIL COMPANY. PETER NULTY, Appellant; PENNZOIL COMPANY, Respondent. — Order of the Supreme Court, New York County (Kaplan, J.), entered on November 7, 1984, which denied the motion of nonparty witness Peter Nulty for a protective order and to quash a subpoena duces tecum, is modified, on the law and facts, by limiting Pennzoil's questioning of Nulty only as to such statements as Petersen may have made as to approval of an agreement between Pennzoil and Getty, and otherwise affirmed, without costs.

In this proceeding brought pursuant to CPLR 3102 (e) for permission to take the testimony of a number of nonparty witnesses for use in an action pending in Texas, nonparty witness Peter Nulty, a reporter for *Fortune* magazine, was served with a subpoena duces tecum. The subpoena sought his deposition for use in a suit brought by Pennzoil against Texaco, Inc., in the State of Texas. Pennzoil alleged that Texaco had induced Getty Oil Company to breach an agreement pursuant to which Pennzoil would control three sevenths of Getty.

The board of directors of Getty voted 14 to 1 to accept the Pennzoil plan if the price per share were increased. Pennzoil acceded and thereafter Getty issued a press release announcing the acceptance of the Pennzoil proposal. However, a short time later the board of directors of Getty approved Texaco's offer at a price of $15 more per share than Pennzoil had agreed to pay.

An article written by Nulty appeared in *Fortune* magazine. Nulty quoted Petersen, Getty's chairman, as having said, *inter alia,* "[w]e approved the deal but we didn't favor it." Pennzoil sought the deposition of Nulty to obtain evidence that Getty had approved the agreement with Pennzoil. Nulty thereupon attempted to quash the subpoena on the grounds that the matter sought to be disclosed is constitutionally protected by US Constitution 1st Amendment and is additionally privileged in New York under Civil Rights Law § 79-h (b) (Shield Law). Special Term denied the motion to quash the subpoena and directed depositions of Nulty.

For a communication or its source to be shielded from disclosure, the information must be imparted to the newsman under a cloak of confidentiality upon an understanding, either express or implied, that the information or its sources or both would not be revealed. However, where the information had not been divulged under such cloak of confidentiality, no privilege against disclosure of either material or the source attaches (*see, People v Korkala,* 99 AD2d 161). In the *Korkala* case, this court held that unpublished material, even though from an identified source, was subject to a qualified privilege upon a showing of

three prerequisites, i.e., that the information is highly material and relevant, necessary or critical to the maintenance of the claim and not obtainable from other sources. However, in the instant situation, Pennzoil seeks to question Nulty only as to the actual words Petersen employed. Thus, Pennzoil requires material which has already been published. Hence, the general rule is applicable. Accordingly, Pennzoil is not required to demonstrate that the three prerequisites have been met. Even assuming, arguendo, that it were, these conditions have been satisfied.

The order appealed from, however, was broad enough to allow Nulty to be examined as to any aspect of his interview with Petersen. Pennzoil concedes that the questions Nulty is to be asked are the actual words used by Petersen. Accordingly, the order should be modified by limiting Pennzoil's questioning of Nulty to that scope. Concur — Carro, J. P., Asch, Fein and Milonas, JJ.