■ JAMES M. O'NEILL, Respondent, v OAKGROVE CONSTRUCTION, INC., et al., Defendants. GANNETT ROCHESTER NEWSPAPERS, Appellant.—Order unanimously modified, on the law and as modified, affirmed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Plaintiff was seriously injured in an automobile accident on route 490 in Rochester, New York. The roadway was under construction and plaintiff has sued several defendants predicated upon their alleged failure to maintain the roadway and construction area or warn of dangerous conditions.

Plaintiff moved for discovery of 58 photographs of the accident scene taken by a photographer employed by Gannett Rochester Newspapers (GRN), a nonparty. GRN cross-moved for a protective order claiming that the photos were exempt from discovery under New York's Shield Law (Civil Rights Law § 79-h), US Constitution 1st Amendment, and NY Constitution, article I, § 8.

Special Term correctly denied the cross motion. The Shield Law protects only confidential sources and materials *(Hennigan v Buffalo Courier Express Co.,* 85 AD2d 924; *People v Korkala,* 99 AD2d 161). We also determined that the qualified privilege from disclosure embodied in the 1st Amendment applies only when the party claiming the privilege demonstrates the existence of a confidential relationship with a source *(Hennigan v Buffalo Courier Express Co., supra; but see, People v Korkala, supra,* pp 166-167), Federal courts also apply the privilege only to confidential materials or sources *(see, e.g., United States v Burke,* 700 F2d 70 [2d Cir 1983], *cert denied* 464 US 816; *In re Petroleum Prods. Antitrust Litig.,* 680 F2d 5 [2d Cir 1982], *cert denied sub nom. Arizona v McGraw-Hill, Inc.,* 459 US 909; *Baker v F & F Inv.,* 470 F2d 778 [2d Cir 1972], *cert denied* 411 US 966; *United States ex rel. Vuitton Et Fils v Karen Bags,* 600 F Supp 667 [SDNY 1985]) or to information obtained from private sources where discovery would substantially intrude upon the privacy of press functions *(Matter of Consumer's Union,* 495 F Supp 582 [SDNY 1980]). Since the source of the photographs was not private and plaintiff does not seek to intrude upon GRN's fact-gathering or editorial processes, there is no compelling reason for extending the scope of the privilege to nonconfidential materials.

The facts of this case do not warrant affording defendant greater protection under the State Constitution than exists under the 1st Amendment *(see, SHAD Alliance v Smith Haven Mall,* 66 NY2d 496).

We note, however, that a party seeking discovery from a nonparty pursuant to CPLR 3120 must clearly demonstrate the relevance of the information and an actual need for its production. Since GRN claimed that the 17 police photographs already in plaintiff's possession were adequate, the court should have conducted an in camera examination of GRN's photographs to determine if they depict relevant evidence not shown in the police photographs. We modify the order to reverse that portion granting plaintiff's motion and remit this matter to Supreme Court, Monroe County, for further pro-

ceedings consistent with this memorandum. (Appeal from order of Supreme Court, Monroe County, Bergin, J.—discovery.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.