In the Matter of KNIGHT-RIDDER BROADCASTING, INC, Respondent, v SOL GREENBERG, as Albany County District Attorney, Appellant.

Third Department, July 31, 1986

APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney (George H. Barber* of counsel), appellant *pro se.*

*Zubres, D'Agostino & Hoblock (Michael J. Hoblock, Jr.,* of counsel), and *Wilmer, Cutler & Pickering (Timothy B. Dyk* and *Murray A. Indick* of counsel), for respondent.

*Howard F. Jaeckel* and *John W. Zucker* and others, for CBS, Inc., and others, *amici curiae.*

## OPINION OF THE COURT

MAIN, J. P.

In February 1986, a news reporter employed by petitioner's Albany television station, WTEN-TV, conducted a taped interview of Donald Bent, whose wife had then been missing for several days. While there were no preconditions to the interview, it is alleged that a portion thereof was conducted under a promise of confidentiality. Approximately one minute of such taped interview was later broadcast on the station's newscast. The remainder of the interview has never been broadcast.

After Joan Bent, Donald Bent's wife, was found dead in the trunk of an automobile, Mr. Bent became a suspect in the ensuing homicide investigation. On March 6, 1986, WTEN was served with a subpoena duces tecum which demanded the production to an Albany County Grand Jury of "all video tapes regarding" the station's interview of Mr. Bent. WTEN complied with the subpoena only insofar as it delivered that portion of the taped interview which had actually been broadcast, along with the written introduction to the broadcast that had been read from WTEN's studio and a list of the "supers" that had appeared during the news story's broadcast. The station refused to produce the portions of the taped interview that had not been broadcast and the reporter's notes. Assert-

ing that this material was protected from disclosure by New York's Shield Law (Civil Rights Law § 79-h) and the US Constitution 1st Amendment, petitioner moved to quash the subpoena. Agreeing that the Shield Law protected such material, Supreme Court granted the motion to quash, whereupon respondent took this appeal.

We initially address respondent's threshold argument that, pursuant to the Shield Law, contempt proceedings must actually be initiated before a newscaster can invoke the protection afforded by that statute. The Court of Appeals, in *Matter of Beach v Shanley* (62 NY2d 241), rejected this very argument *(supra,* at pp 247-249) and, upon that authority, we summarily reject the argument in the instant case.

We turn, then, to the central issue before us, which may be framed as follows: Does the Shield Law protect from disclosure only that news material which has been imparted to a newscaster under a cloak of confidentiality or, rather, all news material, whether confidential or not? We begin our analysis of this issue with an examination of the history of the Shield Law. Enacted into law by the Legislature in 1970 (L 1970, ch 615), the Shield Law was judicially interpreted as guarding from disclosure only that news material which was received under a cloak of confidentiality *(see, e.g., People v Le Grand,* 67 AD2d 446, 451-452; *Matter of WBAI-FM v Proskin,* 42 AD2d 5, 6-7). Where the information had not been received in confidence, however, no privilege attached.

The Shield Law was amended in 1981 (L 1981, ch 468). One purpose of the amendment was to fill *"gaps and loopholes not perceived and not intended in the original legislation"* (emphasis in original) which had "allowed the courts to pierce the Shield Law time after time, leaving it in a state of legal impotency" (memorandum of Assemblyman Steven Sanders, 1981 NY Legis Ann, at 257). An initial version of the bill amending the Shield Law explicitly eliminated the confidentiality requirement, but that provision was deleted from the version that was ultimately passed by the Legislature

Following the effective date of the 1981 amendment, divergent views were expressed on the question of whether the confidentiality requirement had indeed been eliminated by virtue of the amendment. Some courts have opined that the confidentiality requirement still exists, unaffected by the 1981 changes to the Shield Law, and have applied such requirement *(see, e.g., Matter of Pennzoil Co.,* 108 AD2d 666; *People v Korkala,* 99 AD2d 161; *Hennigan v Buffalo Courier Express*

*Co.,* 85 AD2d 924),[1] while others expressed the view that the amendment abolished the confidentiality requirement and created an absolute privilege for journalists *(see, e.g., Wilkins v Kalla,* 118 Misc 2d 34, 36-37).

▪ We, for basically the same reasons as those expressed by the First Department in *People v Korkala (supra),* now take the position that the 1981 amendment to the Shield Law did not eliminate the requirement of confidentiality, as respondent argues. There is absolutely no language in the 1981 amendment that persuades us otherwise, and it is, to our minds, significant that the very language which would have unquestionably abolished such requirement was deleted from the proposed legislation before it was passed and signed into law. As noted by the First Department in its *Korkala* decision, "the intention to change a long-established rule or principle is not to be imputed to the legislature in the absence of a clear manifestation" *(People v Korkala, supra,* p 166, citing *Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 592). We do not find such clear manifestation in the 1981 amendment's legislative history, much of which was developed prior to the deletion of the specific language which would have expressly abolished the confidentiality requirement. In view of our conclusion on this issue, and because it is alleged by petitioner that a portion of the WTEN interview with Mr. Bent was conducted under a promise of confidentiality, the matter should be remitted to Supreme Court for an in camera inspection of the taped interview to determine which portions thereof, if any, are protected from disclosure by the Shield Law.

We reach this determination mindful of the broad and sweeping language used by the Court of Appeals in *Matter of Beach v Shanley* (62 NY2d 241, *supra),* wherein the court stated that "the Shield Law provides a broad protection to journalists without any qualifying language" *(supra,* at p 251). For the reasons that we have already stated, and because the issue addressed by the Court of Appeals in the *Beach* case

---

1. This view was shared by the Attorney-General. In a memorandum received by the Governor after the bill had already been signed into law, the Attorney-General expressed the following opinion of the bill ultimately passed by the Legislature and signed into law by the Governor: "Unlike an earlier draft, this version does not protect journalists from being held in contempt for failure to divulge requested information when the requested information, *inter alia,* is not confidential" (memorandum of Attorney-General, July 8, 1981, Governor's Bill Jacket, L 1981, ch 468, at 2).

differed from the issue in the instant case,[2] we decline to apply such broad language here to abolish the confidentiality requirement that has long been read into the statute by the courts of this State. Such action is more properly left to the Legislature.

Finally, we find without merit petitioner's argument that the material sought to be disclosed is protected by the US Constitution, 1st Amendment. Whatever qualified privilege may exist under the 1st Amendment with regard to the material sought does not protect such material here, since the taped interview presumably contains relevant information *(see, Virag v Hynes,* 54 NY2d 437, 444) which ostensibly is necessary to the Grand Jury investigation and unavailable from other sources *(see, United States v Burke,* 700 F2d 70, 76-77, *cert denied* 464 US 816; *People v Korkala,* 99 AD2d 161, 167, *supra).*

WEISS, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order reversed, on the law, without costs, and matter remitted to Supreme Court for an in camera inspection of the taped interview with Donald Bent to determine what portions, if any, of such interview were conducted confidentially.

---

2. The information sought to be protected in *Matter of Beach v Shanley* (62 NY2d 241) was concededly confidential.