■ CRYSTAL L. JOHNSON, an Infant, by Her Mother and Natural Guardian, MARY PARSON, et al., Respondents, v MARVIN GILLESPIE, an Infant, by His Mother and Natural Guardian, ESTELLE JONES, et al., Respondents, and COUNTY OF SUFFOLK et al., Appellants. [625 NYS2d 60] —In a negligence action to recover damages for personal injuries, etc., the defendants the County of Suffolk, the Suffolk County Police Department, and John Stewart appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), entered November 23, 1993, which denied their motion pursuant to CPLR 2304 to quash two judicial subpoenae duces tecum.

Ordered that the order is affirmed, with costs.

The plaintiffs and the defendants Marvin Gillespie, Estelle Jones, and Molloy Jones served separate judicial subpoenae duces tecum on the Suffolk County Police Department, requesting the disclosure of certain records, reports, and statements related to an accident between a police vehicle driven by the defendant John Stewart, a police officer, and a bicycle operated by the defendant Marvin Gillespie and on which the infant plaintiff was a passenger. The appellants moved to quash the subpoenae claiming, *inter alia,* that some of the requested documents were Stewart's personnel records and that their disclosure was precluded pursuant to Civil Rights Law § 50-a. The Supreme Court denied the appellants' motion stating that they had failed to establish that the subpoenae sought the production of documents that were privileged or immaterial to the claims interposed in this action. The appellants contend that Civil Rights Law § 50-a prohibits the production of a police officer's personnel records.

Civil Rights Law § 50-a provides, in relevant part, that "personnel records, used to evaluate performance toward continued employment or promotion * * * shall be considered confidential and not subject to inspection or review" except on written consent or by court order (Civil Rights Law § 50-a [1]). Whether a document qualifies as a personnel record within

the meaning of Civil Rights Law § 50-a depends upon its nature and its use in evaluating a police officer's performance, not its physical location or its particular custodian *(see, Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs., 73 NY2d 26, 31).*

In the present case, the appellants have not shown that the documents requested in the subpoenae are personnel records that were used in the evaluation of Stewart's performance and, thus, governed by Civil Rights Law § 50-a *(cf., Matter of Gannett Co. v James,* 108 Misc 2d 862, *affd* 86 AD2d 744). Therefore, the Supreme Court properly denied the appellants' motion to quash the subpoenae. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.