■ BETTIE McBRIDE et al., Individually and as Parents and Natural Guardians of GENESIS McBRIDE, an Infant, Appellants, v CITY OF ROCHESTER et al., Respondents. [794 NYS2d 207]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 1, 2004 in a personal injury action. The order, insofar as appealed from, denied that part of plaintiffs' motion seeking an order compelling defendants to disclose certain records of defendant City of Rochester Police Department.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, that part of the motion with respect to document items three through six is granted in its entirety and defendant City of Rochester is directed to disclose those document items.

Memorandum: Plaintiffs commenced this action individually and on behalf of their daughter, Genesis McBride, seeking to recover damages for injuries sustained by Genesis and by plaintiff Bettie McBride in a motor vehicle accident on February 18, 2001, when a stolen vehicle being pursued by officers of defendant City of Rochester Police Department collided with plaintiffs' vehicle. In response to plaintiffs' discovery demands, defendants objected to the production of certain internal documents under Civil Rights Law § 50-a, and plaintiffs moved to compel disclosure of the documents. Supreme Court conducted an in camera review of the documents and, insofar as relevant to this appeal, concluded that four of the document items are not discoverable in their entirety by plaintiffs, both because they are not sufficiently probative of the incident and because they contain postaccident review of the officers' conduct and are thus protected under section 50-a. We reverse the order insofar as appealed from.

"Civil Rights Law § 50-a provides, in relevant part, that 'personnel records, used to evaluate performance toward continued employment or promotion[,] . . . shall be considered confidential and not subject to inspection or review' except on written consent or by court order" (*Johnson v Gillespie*, 214 AD2d 537, 537 [1995], quoting Civil Rights Law § 50-a [1]). The

party opposing disclosure "carries the burden of demonstrating that the requested information falls squarely within the exemption" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 158-159 [1999]; *see also Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]).

Here, the four document items at issue are all part of defendants' "post-pursuit" investigation. Defendants have "offered no evidence establishing that [post-pursuit records] are relied upon in evaluating employee performance and, therefore, are part of the [police] officers' personnel records" (*Matter of Beyah v Goord*, 309 AD2d 1049, 1051 [2003]). Because defendants have failed to satisfy their burden of demonstrating that those document items fall squarely within the protection of Civil Rights Law § 50-a, the court erred in denying that part of plaintiffs' motion seeking to compel disclosure of those document items in their entirety. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.