■ BRIAN CALHOUN, as Administrator of the Estate of WILLIAM S. CALHOUN, Deceased, Appellant, v COUNTY OF SUFFOLK, Respondent, et al., Defendants. [1 NYS3d 184]—

In an action to recover damages for wrongful death, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), entered March 3, 2014, as denied that branch of his motion pursuant to CPLR 3124 which was to compel the defendant County of Suffolk to produce five audiotapes of recorded interviews that were referenced as attachments to a previously disclosed narrative report prepared by the Internal Affairs Bureau of the Suffolk County Police Department in connection with the subject incident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to compel production of the five subject audiotapes is granted.

On December 28, 2006, in Farmingdale, members of the Suffolk County Police Department engaged in a high-speed vehicular pursuit of the defendant Richard Mair, who had fled in his vehicle after being stopped for suspected driving while intoxicated. During the chase, Mair lost control of his vehicle and crashed into the house of the plaintiff's decedent, causing the decedent's death.

The Internal Affairs Bureau of the Suffolk County Police Department conducted an investigation into the incident, and the plaintiff sought to discover the file generated in the course of that investigation. The defendant County of Suffolk objected to such discovery. Thereafter, pursuant to Civil Rights Law § 50-a, the Supreme Court conducted an in camera review of the requested material, concluded that there was "relevant and material information contained therein," and, in an order dated March 22, 2013, inter alia, directed the County to provide the plaintiff with a 23-page narrative report dated August 4, 2008 (hereinafter the IAB report). Attached to the IAB report was a list that described the various source materials upon which the report was based. Included in this list were five audiotapes of interviews with certain police officers.

Initially, the County provided only the narrative portion of the IAB report to the plaintiff. However, by letter dated August 1, 2013, the attorney for the County wrote to the plaintiff's counsel, stating, in pertinent part: "Pursuant to the [court order of March 22, 2013], enclosed please find the attachments to the [IAB] report. We are having copies made of the interview tapes, they will be furnished upon receipt." Nevertheless, the County ultimately refused to furnish the requested audiotapes. The plaintiff thereafter moved pursuant to CPLR 3214 to compel production of the audiotapes. The Supreme Court denied the motion, holding that the "County has fully complied with the express terms of the March 22, 2013 order."

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution . . . of an action." However, Civil Rights Law § 50-a, which codifies the standards for the disclosure of police personnel records (*see People v Gissendanner*, 48 NY2d 543, 551 [1979]), provides that a police officer's "personnel records used to evaluate performance toward continued employment or promotion . . . shall be considered confidential and not subject to inspection or review . . . except as may be mandated by lawful court order" (Civil Rights Law § 50-a [1]). Prior to issuing such an order, the court is obligated to conduct an in camera review of the requested file, "and make a determination as to whether the records are relevant and material in the action before" it, and, upon such a finding "the court shall make those parts of the record found to be relevant and material available to the persons so requesting" (Civil Rights Law § 50-a [3]).

Here, the order dated March 22, 2013, indicated that the Supreme Court had reviewed "the reports sought . . . *and all documentation annexed thereto*" before concluding that there was "relevant and material" information contained therein (emphasis added). Accordingly, the plaintiff met his burden for compelling disclosure pursuant to Civil Rights Law § 50-a, and the court properly directed the County to disclose the IAB report. However, we perceive no reason why the plaintiff should have been denied access to the audiotapes of the interviews which were identified in the attachments to the IAB report (*see Spadaro v Balesteri*, 237 AD2d 507 [1997]; *see also Blanco v County of Suffolk*, 51 AD3d 700 [2008]). The plaintiff should be permitted to hear the actual interviews of the officers regarding the accident, and not only read the IAB report's summaries thereof, since the interviews were the main source material for the IAB report and were incorporated by reference therein (*see Spadaro v Balesteri*, 237 AD2d at 507; *see generally Matter of Knight-Ridder Broadcasting v Greenberg*, 119 AD2d 68 [1986], *mod on other grounds* 70 NY2d 151 [1987]).

"The party opposing disclosure 'carries the burden of demonstrating that the requested information falls squarely within the exemption' " (*McBride v City of Rochester*, 17 AD3d 1065, 1065-1066 [2005], quoting *Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 158-159 [1999]). The County has not offered any explanation as to why the audiotapes should not be discoverable, especially since it has already disclosed all of the other source material identified in the attachments to the IAB report. We reject the County's contention that the Supreme Court never intended for the tapes to be disclosed. Apart from

that contention, the County does not proffer any basis to exempt the tapes from disclosure pursuant to Civil Rights Law § 50-a.

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to compel the production of the subject five audiotapes. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.