Godino v Lemke (2019 NY Slip Op 03323)





Godino v Lemke


2019 NY Slip Op 03323


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04389
 (Index No. 603921/13)

[*1]Maria Godino, etc., plaintiff-respondent,
v
Dennis M. Lemke, etc., et al., defendants- respondents; Nassau County Sheriff's Department, nonparty-appellant.


Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for nonparty-appellant.
Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, nonparty Nassau County Sheriff's Department appeals, by permission, from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered April 13, 2016. The order, issued after an in camera inspection, directed the Nassau County Sheriff's Department to comply with a subpoena deuces tecum dated November 30, 2015, with limited redactions.
ORDERED that the order is affirmed, with costs.
The plaintiff is the administrator of the estate of Gasparino J. Godino (hereinafter the decedent), who died in 2010 while in the custody of the Nassau County Sheriff's Department (hereinafter the Sheriff). In 2013, the plaintiff commenced this action, inter alia, to recover damages for legal malpractice. The defendants' attorneys served a so-ordered judicial subpoena on the Sheriff, seeking certain records relating to the decedent. The Sheriff, by letter, notified the Supreme Court of his objection to disclosure of the records, and the court, by order entered February 22, 2016, directed the Sheriff to produce specified records for an in camera inspection. Following that inspection, the court, by order entered April 13, 2016, directed that the records be disclosed, with limited redactions. The Sheriff appeals by permission of this Court.
Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty of "matter material and necessary in the prosecution or defense of an action" in possession of the nonparty (see Matter of Kapon v Koch, 23 NY3d 32, 34; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612). The Sheriff contends that the material sought under the subpoena is exempt from disclosure under Civil Rights Law § 50-a. That statute provides, in pertinent part, that "personnel records used to evaluate performance toward continued employment or promotion . . . under the control of a sheriff's department . . . shall be considered confidential and not subject to inspection or review . . . except as may be mandated by lawful court order" (Civil Rights Law § 50-a[1]; see Matter of New York Civ. Liberties Union v New York City Police Dept., ___ NY3d ___, 2018 NY Slip Op 08423 [2d Dept 2018]). Here, as required by Civil Rights Law § 50-a, the [*2]Supreme Court examined the material in camera, and it determined that the records "are relevant and material in the action before" it (Civil Rights Law § 50-a[3]; see Calhoun v County of Suffolk, 123 AD3d 1074, 1076). On the record that the Sheriff provided to this Court, there is no basis to overturn the Supreme Court's determination.
We note that the records were sought by way of a so-ordered judicial subpoena, and not under the Freedom of Information Law (hereinafter FOIL; see Public Officers Law § 84 et seq.). Therefore, we have not considered the parties' contentions as to whether the records are subject to disclosure under FOIL (see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556).
RIVERA, J.P., BALKIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court