■ JEFFREY LAWRENCE, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for false arrest, false imprisonment and assault, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated August 30, 1984, as required it to turn over to the plaintiff copies of documents in Civilian Complaint Review Board file No. 1537/74.

Order affirmed, insofar as appealed from, with costs.

On October 29, 1981, the plaintiff was involved in an alter-

cation with a New York City police officer. On the following day the plaintiff's father filed a complaint with the New York City Police Department Civilian Complaint Review Board (hereinafter CCRB), which subsequently conducted an investigation of the incident and interviewed a witness to the altercation. After commencing this action, the plaintiff sought disclosure of the CCRB file relating to the incident in order to obtain information concerning the witness interviewed by the CCRB and to see "any other witness statement in the CCRB file". Special Term, after conducting an in camera inspection of the police officer's personnel records, ordered the defendant to disclose the CCRB file relating to the incident, and an additional earlier CCRB file, No. 1537/74, which was included in the police officer's personnel record but not specifically requested by the plaintiff. Special Term found that the earlier file, which related to a prior alleged incident of similar acts of misconduct on the part of the police officer, "[might] be relevant to the issues in this proceeding, and [might] have some bearing on the aspect of the credibility of the [police officer]".

The Legislature has codified the standards for disclosure of the material sought in this case (see, Civil Rights Law § 50-a). That section, which declares police personnel records to be confidential, provides that upon "a clear showing of facts sufficient to warrant the judge to request records for review" (Civil Rights Law § 50-a [2]), an in camera inspection is to be conducted, and if the court then determines that the personnel records contain matter that is relevant and material to the action, it shall make those parts of the record available to the party requesting disclosure (Civil Rights Law § 50-a [2], [3]; see, People v Gissendanner, 48 NY2d 543, 551).

In the instant case, Special Term properly found that the plaintiff's request for an in camera inspection by the court of the police officer's personnel record was supported by facts which showed a reasonable likelihood that the record would contain relevant and material documents (see, People v Morales, 97 Misc 2d 733; cf. Cox v New York City Hous. Auth., 105 AD2d 663). In this regard, we note that the plaintiff did not have to specifically request disclosure of a particular document. After the in camera inspection of the personnel record of the officer, Special Term could direct disclosure of all the documents it found to be relevant and material. We therefore find no basis to disturb so much of Special Term's order as directed disclosure of CCRB file No. 1537/74 (see,

*People v Morales,* 97 Misc 2d 733, *supra).* Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.