(September 25, 1989)

■ HARRY BIGMAN et al., Respondents, v DIME SAVINGS BANK OF NEW YORK, FSB, Appellant.—In an action, *inter alia,* to recover damages for tortious interference with business relations, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated May 2, 1988, as denied those branches of its motion which were to compel disclosure by three nonparty witnesses, MBK Holding Company, Inc., James Cappa, and Rooplall Premlall, and to punish pursuant to CPLR 2308 (a) one nonparty witness for failing to respond to a subpoena.

Ordered that on the court's own motion the appellant's notice of appeal is treated as an application for leave to appeal from those portions of the order which are not appealable as a matter of right *(see, Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500), the application is referred to Justice Rosenblatt, and leave to appeal is granted by Justice Rosenblatt; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendant's motion which were to compel disclosure from MBK Holding Company, Inc., James Cappa and Rooplall Premlall, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed

insofar as appealed from, without costs or disbursements, and the depositions of the nonparty witnesses MBK Holding Company, Inc., Cappa and Premlall shall be held upon written notice of not less than 10 days, to be provided by the defendant, or at such time as the parties may agree.

The plaintiffs are partners in Bigman and Bigman, a two-partner law firm. The complaint alleges that the defendant savings bank refused to give mortgages to any individuals or entities represented by the plaintiffs, and claims damages for tortious interference with the plaintiffs' business relations, defamation, and tortious interference with the plaintiffs' contracts with its clients. In addition, the plaintiffs seek to enjoin the defendant bank, *inter alia,* from "refus[ing] to proceed with mortgage commitments involving clients of the plaintiffs".

In its answer, the defendant bank asserts, *inter alia,* that its decision to decline to close the mortgage loans was a bona fide business decision, and that the plaintiffs failed to act in good faith and to cooperate with the defendant with respect to the mortgage applications of the plaintiffs' clients. Specifically, the defendant states that it discovered a pattern of serious irregularities in connection with loan applications of the plaintiffs' clients, and, as a result, issued an internal memorandum instructing its employees that the bank would no longer accept mortgage applications from clients of the plaintiffs' firm.

Shortly after its decision to no longer accept mortgage applications from the plaintiffs' firm's clients, the defendant bank closed 12 mortgage loans for the purchase of cooperative apartments in a project known as Walden Terrace, Inc. in Rego Park, Queens. Each of those applications listed MBK Holding Company, Inc. (hereinafter MBK) as the seller of the apartment, and each listed MBK's address at what turned out to be the offices of the plaintiffs' law firm. Additionally, the plaintiffs' firm was designated on MBK's certificate of incorporation as its agent for service of process. The loan applications did not disclose the affiliation between MBK and the plaintiffs' law firm. All but one of the loan applications identified the borrowers' attorney as James Cappa, Esq. Mr. Cappa shared offices with the plaintiffs' law firm during this time period. Mr. Cappa claims to have had no knowledge of these loan applications, and, apparently, the borrowers were represented by the plaintiffs' firm.

Not one of the Walden Terrace, Inc. borrowers made any payment of principal or interest on the loans; each of the 12

mortgagors defaulted. Upon an investigation of those loans, the defendant assertedly discovered "an apparent series of related irregularities quite similar to those discovered with respect to the mortgage applications of the earlier Bigman firm clients".

The defendant seeks (1) to compel the deposition of MBK; (2) to compel Mr. Cappa to answer questions which he refused to answer at his deposition relating to this action and the underlying facts; (3) to compel Rooplall "Rocky" Premlall to answer questions which he refused to answer at his deposition (he asserted the Fifth Amendment privilege in response to all questions); and (4) to punish MBK for contempt for its refusal to comply with a subpoena to appear for a deposition.

CPLR 3101 (a) provides that there "shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action". Any matter which may lead to the discovery of admissible proof is discoverable *(see, Fell v Presbyterian Hosp.,* 98 AD2d 624), as is any matter which bears upon a defense, even if the facts themselves are not admissible *(see, Wiseman v American Motors Sales Corp.,* 103 AD2d 230). The burden of demonstrating that particular subject matter is exempt from disclosure is on the party opposing discovery *(see, Witt v Triangle Steel Prods. Corp.,* 103 AD2d 742).

Some of the disclosure requested by the defendant relates to events which occurred subsequent to the events alleged in the complaint. However, the disclosure sought by the defendant is relevant to or may lead to admissible proof with respect to the issues raised in the complaint and to the defense asserted by the defendant, especially in view of the broad permanent injunctive relief requested by the plaintiffs in their complaint. Thus, the defendant is entitled to the requested discovery. As for the nonparty witness Rooplall "Rocky" Premlall, we find on the record before this court that he failed to establish a factual predicate to support his claim that he would incriminate himself by answering the questions propounded *(see, State of New York v Carey Resources,* 97 AD2d 508, 509). Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.