(June 11, 1990)

■ ROBERT BECKER et al., Appellants, v CITY OF NEW YORK et

al., Respondents.—In an action, *inter alia,* to recover damages for assault, false arrest, false imprisonment, and malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Kings County (Duberstein, J.), entered January 26, 1989, which denied their motion for the disclosure of records of the Internal Affairs Division of the New York City Police Department and granted a cross motion of the City of New York for a protective order.

Ordered that the order is reversed, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the cross motion is denied, and the City of New York is directed to produce the personnel records of the defendant police officers Harry Antoine and Alfred Johnson for in camera inspection by the Supreme Court, Kings County, within 30 days after service upon the City of New York of a copy of this decision and order, with notice of entry.

The plaintiffs Robert and Philip Becker claim that they were physically assaulted and wrongfully arrested in an altercation with New York City police officers following a traffic incident. The plaintiffs seek disclosure of the report of the New York City Police Department Internal Affairs Division (hereinafter IAD) relating to the incident. The Supreme Court denied the plaintiffs' motion seeking disclosure and granted the cross motion of the City of New York for a protective order. The court held that a report, which is part of the police officers' personnel records, is "cloaked with the mantle of confidentiality" under Civil Rights Law § 50-a, that disclosure is also precluded by the public interest privilege for confidential government communication, and that the plaintiffs failed to make the requisite factual showing to warrant an in camera examination of the materials.

We disagree. The plaintiffs were merely required to offer, in good faith, "some factual predicate" for providing access to the IAD records so as to warrant an in camera review *(People v Gissendanner,* 48 NY2d 543, 550; Civil Rights Law § 50-a [2]; *Taran v State of New York,* 140 AD2d 429, 432). This threshold requirement of Civil Rights Law § 50-a (2) is designed to eliminate fishing expeditions of police officers' personnel files for collateral materials to be used for impeachment purposes *(see, Matter of Capital Newspapers Div. v Burns,* 67 NY2d 562, 568-569). The plaintiffs have made the required factual showing that specific materials in the officers' files relate to the incident in question *(see, Lawrence v City of New York,* 118 AD2d

758, 759; *Cox v New York City Hous. Auth.,* 105 AD2d 663, 664; *People v Morales,* 97 Misc 2d 733, 740).

In addition, we reject as without merit the defendants' claim that the IAD report is protected by the public interest privilege for confidential government communications *(see, Cirale v 80 Pine St. Corp.,* 35 NY2d 113; *People v Keating,* 286 App Div 150, 153). Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.