■ FRANCES SVAIGSEN, Public Administrator, as Administratrix of YVES G. LA MARRE, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [609 NYS2d 894] —Order, Supreme Court, Queens County (Arnold Price, J.), entered on or about February 24, 1992, which denied plaintiff's motion to compel discovery and granted defendants' cross-motion for a protective order, and which vacated item 4 of plaintiff's June 18, 1991 notice of discovery and inspection, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court to review the requested documents in camera and redact confidential and personal information not factually relevant to plaintiff's case.

This matter arises out of the April 22, 1988 shooting of plaintiff's decedent, Yves Gousse La Marre, a 16-year old student, during a "buy and bust" operation. He was mortally wounded while allegedly making a sale of crack to an undercover New York City Police Officer. He died four days later. An investigation was immediately undertaken by the Internal Affairs Unit of the New York City Police Department.

Appellant Frances Svaigsen, Public Administrator on behalf of the deceased, commenced the instant action against defendants on December 19, 1988, claiming wrongful arrest, assault, false imprisonment, and wrongful death under State law and deprivation of decedent's Federal civil rights pursuant to 42 USC § 1983. Plaintiff served defendants with a notice of discovery and inspection, seeking records made in the course of the investigation, "including statements made by all officers participating in the operation" during which La Marre met his death.

In support of her motion to compel discovery, plaintiff took the position that because the 42 USC § 1983 claim arises under Federal law, the officers' statements are discoverable pursuant to the Federal Rules of Civil Procedure. Defendants cross-moved for a protective order, arguing that the officers

who were interviewed are exempt from disclosure under the New York State Freedom of Information Law (FOIL), specifically Public Officers Law § 87 (2) (g). Supreme Court denied plaintiff's motion and granted defendants' cross-motion for a protective order, without elaboration.

It is not disputed that State and Federal courts enjoy concurrent jurisdiction over section 1983 claims *(Patsy v Board of Regents,* 457 US 496, 506-507; *Felder v Casey,* 487 US 131). When a State court entertains a Federally created cause of action, the " 'federal right cannot be defeated by the forms of local practice' " *(Felder v Casey, supra,* at 138, quoting *Brown v Western Ry.,* 338 US 294, 296). This is especially true of section 1983, which was enacted particularly to vindicate Federal rights "against deprivation by state action" *(Kerr v United States Dist. Ct.,* 511 F2d 192, 197 [9th Cir], *affd* 426 US 394, citing *Monroe v Pape,* 365 US 167, 180). Thus, it is appropriate that the court follow Federal law when assessing the discoverability of documents sought by plaintiff.

In an analogous case, the United States District Court for the Eastern District of New York ordered disclosure of a police officer's answers to interrogatories. While that case ruled that New York Civil Rights Law § 50-a was not properly invoked *(King v Conde,* 121 FRD 180, 186), Public Officers Law § 87 (2) (g) similarly involves a statutory privilege exempting intra-agency materials from disclosure. The decision includes an exhaustive analysis of the procedure to "govern all discovery disputes over police records in federal civil rights actions" *(supra,* at 188).

A defendant resisting discovery bears the burden of justifying the statutory privilege *(Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557). The reasons for nondisclosure must be specified so that the court can conduct a meaningful balancing test of the factors bearing on discovery *(King v Conde, supra,* at 189; *Cornell Univ. v City of N. Y. Police Dept.,* 153 AD2d 515, 517, *lv denied* 75 NY2d 707 [City failed to specify the basis for refusing disclosure]). Statutory exemptions are subject to narrow construction in view of the presumption of availability of agency records under the Freedom of Information Law *(Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75; *Matter of Newsday, Inc. v New York State Urban Dev. Corp.,* 181 AD2d 436; *Matter of Polansky v Regan,* 81 AD2d 102, 103; *Matter of Gannett Co. v James,* 86 AD2d 744, *lv denied* 56 NY2d 502).

Plaintiff's request encompasses information given to the Internal Affairs Unit and interviews of police officers con-

ducted in connection with the investigation into the shooting death of plaintiff's decedent. While ordinarily these requests might be viewed as falling within the exemptions to FOIL under Public Officers Law § 87 (2) (g) as predecisional intra-agency materials *(Matter of Scaccia v New York State Div. of State Police,* 138 AD2d 50), the interviews sought would appear to comprise factual accounts of the incident. As such, they do not remain protected *(see, Matter of Newsday, Inc. v New York City Police Dept.,* 133 AD2d 4, 17 [Smith, J., dissenting]; *Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131, 133 [reversed for assessment of whether reports contain statistical or factual data]).

Plaintiff avers that the material sought is crucial to her prosecution of this action. Under the particular facts of this case, we conclude that plaintiff should be allowed the greater latitude for discovery under the Federal interpretation of laws granting a privilege against disclosure. We therefore remand for in camera review of the police officer interviews *(see, e.g., Becker v City of New York,* 162 AD2d 488, 489). Should Supreme Court, upon further review, find that there still exists non-factual exempted information under Public Officers Law § 87 (2) (g), it may redact those parts of the documents and disclose the relevant factual information to plaintiff. Concur—Rosenberger, J. P., Asch, Rubin, Williams and Tom, JJ.