■ In the Matter of BARBARA KATZ, Respondent, v SARAH SCOTT, Appellant. [653 NYS2d 346] —Judgment (denominated an order), Supreme Court, New York County (Joan Lobis, J.), entered October 19, 1995, which granted the petition seeking Freedom of Information Law ("FOIL"; Public Officers Law § 84 *et seq.)* disclosure of serology reports from the Office of the New York City Chief Medical Examiner, is unanimously reversed, on the law, without costs, the petition is denied and the proceeding is dismissed.

Initially, we note that the IAS Court correctly rejected the agency's contention that the serology report was exempt from disclosure because disclosure would interfere with law enforcement investigations, as the agency's assertion of that ground was merely conclusory, with no attempt to specify, with particularity, the basis for its refusal to comply with the request (*Cornell Univ. v City of N. Y. Police Dept.*, 153 AD2d 515, 517, *lv denied* 75 NY2d 707; *Svaigsen v City of New York*, 203 AD2d 32, 33).

The IAS Court erred, however, when it found that New York

City Charter § 557 (g) did not apply to the petitioner because she had a substantial interest in obtaining the serology report. FOIL provides that records which must otherwise be made available to applicants need not be made available if they fall under a specific disclosure exemption set forth in a Federal or State statute (Public Officers Law § 87 [2] [a]). The records in question. herein fall under the exemption contained in New York City Charter § 557 (g).

New York City Charter § 557 (g)' provides that the Chief Medical Examiner "shall promptly deliver to the appropriate district attorney copies of all records relating to every death as to which there is, in the judgment of the medical examiner in charge, any indication of criminality. Such records shall not be open to public inspection."

We have previously held that the foregoing provision precludes a petitioner, convicted of murder, from obtaining, under FOIL, various worksheets and audiotapes from the Medical Examiner, concerning the individual he murdered. Therefore, the petitioner, who is essentially standing in the shoes of her brother, the convicted accomplice in petitioner's husband's murder, is in no better position to receive documents from the Medical Examiner than her brother (*Matter of Mitchell v Borakove*, 225 AD2d 435, *appeal dismissed* 88 NY2d 919).

Moreover, we note that the IAS Court's reasoning appears to track the language of County Law § 677, the provisions of which are not applicable in New York City (County Law § 2 [a]; *Matter of Mitchell v Borakove, supra*; *Matter of Assakaf v Arden*, 210 AD2d 325).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Mazzarelli, JJ.