■ LORRAINE LEWKOWITZ, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [813 NYS2d 918]—In an action, inter alia, to recover damages for false arrest, civil rights violations, and negligent hiring and retention, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated March 4, 2005, as denied that branch of their motion which was for a protective order

with respect to items 1, 3, and 4 of the plaintiff's interrogatories and granted that branch of the plaintiff's cross motion which was to compel compliance with those interrogatories.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of that branch of the motion which was for a protective order with respect to items 1, 3, and 4 of the plaintiff's interrogatories, and that branch of the cross motion which was to compel compliance with those interrogatories following an in camera inspection of the information sought in items 1, 3, and 4 of the interrogatories.

Under the circumstances, the Supreme Court should have conducted an in camera inspection of the information sought in items 1, 3, and 4 of the plaintiff's interrogatories (*see* Civil Rights Law § 50-a; *Estate of McConlogue v County of Nassau*, 208 AD2d 888, 889 [1994]; *Becker v City of New York*, 162 AD2d 488, 489 [1990]; *Lawrence v City of New York*, 118 AD2d 758, 759 [1986]). Accordingly, we remit the matter to the Supreme Court, Suffolk County. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.