■ CHERYL PICKERING, Respondent, v STATE OF NEW YORK, Appellant. (Matter No. 1.) MARY PICKERING, Respondent, v STATE OF NEW YORK, Appellant. (Matter No. 2.) [816 NYS2d 566]—

In related claims, inter alia, to recover damages for personal injuries and wrongful death, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Marin, J.) dated February 9, 2005, as denied its motion for a protective order to the extent of directing it to turn over to the claimants certain redacted documents from the personnel file of a certain New York State Police Investigator.

Ordered that the order is affirmed insofar as appealed from, with costs.

The claimants seek to recover damages for the personal injuries and wrongful death of their decedent following an incident in which the decedent allegedly was shot by a New York State Police Investigator after the vehicle in which she was a passenger was stopped by the police. The claimants sought disclosure of certain material contained in the personnel file of one of the police investigators pursuant to Civil Rights Law § 50-a. Following a hearing and additional motion practice, the Court of Claims conducted an in camera review of the personnel file and denied the defendant's motion for a protective order to the extent of directing the disclosure of certain redacted documents relating to the officer's training and performance.

Contrary to the defendant's contention, the Court of Claims properly conducted the in camera review and directed the disclosure of the redacted documents pursuant to Civil Rights Law § 50-a. The allegations set forth in the claims, as amplified by the bill of particulars (*see generally Northway Eng'g v Felix Indus.*, 77 NY2d 332, 335 [1991]; *Valentine v Armor El. Co.*, 155 AD2d 597 [1989]), were sufficiently broad to include causes of action sounding in negligent hiring and/or negligent training. Moreover, at this early stage of the proceedings, and in the absence of a clear concession by the defendant that the officer acted completely within the scope of his employment (*cf. Ashley v City of New York*, 7 AD3d 742 [2004]; *Rossetti v Board of Educ. of Schalmont Cent. School Dist.*, 277 AD2d 668 [2000]; *Karoon v New York City Tr. Auth.*, 241 AD2d 323 [1997]), the claimants were entitled to plead incompatible theories of recovery in the alternative (*see* CPLR 3014; *Perkins v Volpe*, 146 AD2d 617 [1989]). Since the claimants sustained their burden of demonstrating the relevance of the personnel file materials to their causes of action, inter alia, for negligent hiring and/or training, the Court of Claims acted properly (*see* Civil Rights Law § 50-a; *Spadaro v Balesteri*, 237 AD2d 507 [1997]; *Estate of McConlogue v County of Nassau*, 208 AD2d 888 [1994]; *Becker v City of New York*, 162 AD2d 488 [1990]) and did not frustrate the goal of the statute to curtail fishing expeditions into police personnel files and thereby prevent the release of irrelevant and potentially damaging information (*see generally Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 154-155 [1999]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 569 [1986]; *Flores v City of New York*, 207 AD2d 302, 303 [1994]; *Zarn v City of New York*, 198 AD2d 220, 220-221 [1993]).

The parties' remaining contentions either are without merit or are improperly raised for the first time on appeal. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.