■ DARRYL EVANS et al., Appellants, v CHARLES MURPHY et al., Respondents. [823 NYS2d 348]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated November 5, 2004, which, after an in camera inspection of the records of the Internal Affairs

Bureau of the New York City Police Department, denied that branch of their motion which was to compel the defendants to disclose those records.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to compel production of a three-page investigative report in the records of the Internal Affairs Bureau of the New York City Police Department, and substituting therefor a provision granting that branch of the motion after the redaction of the names of any witnesses; as so modified, the order is affirmed, with costs to the plaintiffs.

After an in camera inspection of the file of the Internal Affairs Bureau of the New York City Police Department (hereinafter IAB) with respect to the subject incident, the Supreme Court directed that the file "shall not be produced." The Supreme Court should have directed the defendants to produce the three-page investigative report in the IAB file, after the redaction of the names of any witnesses, because the report contains information which is material and relevant to the plaintiffs' action (*see Pickering v State of New York,* 30 AD3d 393 [2006]; *Spadaro v Balesteri,* 237 AD2d 507 [1997]).

The plaintiffs' remaining contentions are without merit. Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.