OPINION OF THE COURT
Peter H. Mayer, J.
Ordered that the motions by plaintiff (No. 007) and defendants, Brink Elevator Corporation (No. 005) and Island Elevator Corporation (No. 006), to compel production of the internal affairs file and all other investigative files maintained by the defendants, Suffolk County Sheriffs Department and County of Suffolk (collectively, the County), regarding the incident which is the subject of this lawsuit are granted to the extent of an in camera review of the file by the court as set forth herein; and it is further ordered that the County shall, for purposes of an in camera review, forthwith deliver to chambers, located at One Court Street, Courtroom A-259, Riverhead, NY 11901, a sealed envelope containing the internal affairs file and all other investigative files concerning the County’s investigation of the incident giving rise to this lawsuit; and it is further ordered that counsel for the plaintiff shall serve a copy of this order upon all parties, or their attorneys if represented by counsel, within 10 days from the date of this order pursuant to CPLR 2103 (b) (1), (2) or (3) and shall thereafter file the affidavit(s) of service with the Suffolk County Clerk.
In this matter, the plaintiff and the defendants, Brink Elevator and Island Elevator, move to compel the County to produce the County’s internal affairs file and all other investigative files concerning the County’s investigation of the incident giving rise to this lawsuit. The plaintiff claims that, on July 29, 2003, while he was being held at the Riverhead Correctional Facility in Suffolk County, and specifically while being escorted in handcuffs by Suffolk County correction officers, he went through elevator doors and fell down an elevator shaft, thereby sustaining personal injuries. He alleges negligence against the County, in that the County failed to ensure that its Correction Department personnel had the proper experience, temperament, education or fitness for their employment. Against Brink Elevator and Island Elevator, the plaintiff alleges defects in the manufacture and maintenance of the elevator in question. Brink Elevator and Island Elevator assert cross claims against one another, as well as against the County, and they maintain that any injuries suffered by the plaintiff were caused solely by the negligence of the County.
*923 In opposing the motions, the County alleges that the internal affairs file is privileged. In support of its opposition, the County cites Civil Rights Law § 50-a, the statute which protects the personnel records of police, fire, and correction officials from disclosure, absent a specific order from a court of competent jurisdiction. The County also states that it fully complied with the disclosure requests by tendering to the requesting parties the names of some 29 witnesses who may have knowledge of the incident. The court finds, however, that merely providing the names of individuals who may have witnessed the incident is not enough under the particular circumstances of this case to constitute compliance with the CPLR 3101 disclosure requests, since those individuals would not be available for interview due to their employment by the County. It is undisputed that 26 of these witnesses are employees of the County, while the other three were inmates at the time of the incident.
Civil Rights Law § 50-a requires the court to find a clear showing of facts sufficient to warrant the request for review. A cause of action alleging a violation of 42 USC § 1983 is not a condition precedent to this request. Causes of action in negligence will suffice (Becker v City of New York, 162 AD2d 488 [2d Dept 1990]; Rodriguez v City of New York, 137 AD2d 436 [1st Dept 1988]; Svaigsen v City of New York, 203 AD2d 32 [1st Dept 1994]). This statute was designed to eliminate fishing expeditions concerning police or, in this case, correction officials’ files for collateral materials to be used for impeachment purposes (Becker, supra at 488, citing Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562 [1986]).
In interpreting Civil Rights Law § 50-a, the Appellate Division has stated that a requesting party must offer, in good faith, “some factual predicate” for providing access to internal affairs records (Becker v City of New York, supra at 488, quoting People v Gissendanner, 48 NY2d 543 [1979]). In Becker, the plaintiffs were seeking an internal affairs file regarding an alleged wrongful arrest. As their “factual predicate” for the requested disclosure, the moving parties in this case allege the under-oath statement of the plaintiff, regarding a specific eyewitness who told the plaintiff that he was being beaten while County employees escorted him to the elevator. At his deposition, the plaintiff himself lacked the ability to recall the events which led to his fall down the elevator shaft. He did, however, testify that another inmate, Earl Baker, told the plaintiff that he witnessed the plaintiff being punched and kicked by those who were escort *924 ing the plaintiff down the hallway to the elevator. This sworn testimony by the plaintiff regarding an eyewitness account of County officials’ conduct immediately prior to the plaintiff’s incident, coupled with the plaintiffs inability to personally recall the events, constitutes a sufficient factual predicate to warrant an in camera inspection of the internal affairs file.
CPLR 3101 (a) provides that “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party.” What is material and necessary is left to the sound discretion of the court. Disclosure will generally be required concerning any facts bearing on the controversy which will assist in the preparation for trial by sharpening the issues and reducing delay (Andon v 302-304 Mott St. Assoc., 94 NY2d 740 [2000]). The internal affairs file concerning this incident would presumably contain eyewitness accounts of the incident, which would come within the scope of disclosure envisioned by CPLR 3101. The plaintiff’s inability to recall the events, combined with his sworn testimony regarding an eyewitness account, diminish any concern that the requested disclosure is merely a fishing expedition. Furthermore, in resisting discovery, the County has not shown any specific prejudice it would suffer from disclosure. Accordingly, in camera disclosure of the file is appropriate.
In addition to the foregoing, although not specifically argued by the parties, the court acknowledges that there exists a common-law “official information” privilege that attaches to certain “confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications . . . not be divulged” (Cirale v 80 Pine St. Corp., 35 NY2d 113, 117 [1974]; LaValle v State of New York, 185 Misc 2d 699 [Sup Ct, Dutchess County 2000]). The court, however, finds that such privilege is not applicable here. For this privilege to be considered, the government agency involved must come forward and show that the public interest would indeed be jeopardized by a disclosure of the information. Otherwise, using such a vehicle for nondisclosure could easily be abused, serving as a cloak for official misconduct. No such proffer has been tendered to the court by the County (see Cirale v 80 Pine St. Corp., supra). Accordingly, disclosure of the internal affairs file for in camera inspection is warranted.