■ RICHARD MARTIN BLANCO et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents, et al., Defendants. [858 NYS2d 314]—

In an action, inter alia, to recover damages for assault, battery, and negligent hiring, retention, and supervision, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated November 9, 2006, which denied their motion to compel the production and in camera inspection of certain police officers' personnel records and for the disclosure of records of the Suffolk County Police Department Internal Affairs Division relating to a particular incident, and granted the cross motion of the defendants County of Suffolk and Suffolk County Police Department to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel the production and in camera inspection of the subject personnel records, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for the disclosure of the Suffolk County Police Department Internal Affairs Division's records relating to the incident, and substituting therefor a provision granting that motion to the extent of directing the production for an in camera inspection of those records, and (3) by deleting the provisions thereof granting those branches of the cross motion of the defendants County of Suffolk and Suffolk County Police Department which were to dismiss the first, second, fifth, and sixth

causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for an in camera inspection and disclosure as directed herein.

On the evening of December 13, 2000, the plaintiff John Blanco, who is the father of the plaintiff Richard Martin Blanco, called 911 to report that an abandoned vehicle was parked near his house. The plaintiffs then got into their car, which was parked on the street. They waited for the police to arrive, so that they could point out the abandoned vehicle. Eventually, three police officers employed by the defendant Suffolk County Police Department (hereinafter the Police Department) responded. The plaintiffs allege that these police officers, "without any cause, reason or justification or provocation, assaulted and battered" them.

The Blancos subsequently commenced the instant action against the defendant County of Suffolk, the Police Department, and others. Alleging, inter alia, that the police officers had been "acting within the scope and course of their employment" during the incident, the plaintiffs set forth causes of action against the County and the Police Department to recover damages for, inter alia, assault and battery, pursuant to a theory of vicarious liability. The plaintiffs also set forth causes of action to recover damages for negligent hiring, retention, and supervision.

The Supreme Court improperly granted those branches of the cross motion of the County and the Police Department which were to dismiss the causes of action to recover damages for assault, battery, and negligent hiring, retention, and supervision. Contrary to the County's and the Police Department's contention, the plaintiffs' notices of claim were sufficient to apprise the County and the Police Department of the nature of the plaintiffs' claims (see General Municipal Law § 50-e [2]; Brown v City of New York, 95 NY2d 389, 394 [2000]; DeLeonibus v Scognamillo, 183 AD2d 697, 697-698 [1992]). Furthermore, those causes of action were sufficiently pleaded (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; CPLR 3211 [a] [7]).

The Supreme Court also improperly denied that branch of the plaintiffs' motion which was to compel the production for an in camera inspection of the police officers' personnel records. The plaintiffs offered, in good faith, a factual predicate for obtaining access to the personnel records (see Civil Rights Law § 50-a [1]), which might contain information that is relevant and material

to their causes of action to recover damages for negligent hiring, retention, and supervision (*see Pickering v State of New York,* 30 AD3d 393, 394 [2006]; *Flores v City of New York,* 207 AD2d 302, 304 [1994]). Likewise, the plaintiffs offered, in good faith, a factual predicate for obtaining access to the records of the Police Department Internal Affairs Division relating to the subject incident (*see* Civil Rights Law § 50-a [1]; *Evans v Murphy,* 34 AD3d 417, 418 [2006]; *Spadaro v Balesteri,* 237 AD2d 507 [1997]). Accordingly, the Supreme Court should have conducted an in camera inspection of the subject records, and directed the disclosure of all relevant and material information contained therein (*see* Civil Rights Law § 50-a [3]; *Evans v Murphy,* 34 AD3d at 418; *Pickering v State of New York,* 30 AD3d at 393-394; *Spadaro v Balesteri,* 237 AD2d at 507; *Flores v City of New York,* 207 AD2d at 304; *Becker v City of New York,* 162 AD2d 488, 489-490 [1990]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.