■ ANTONETTE T. McFARLANE, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [912 NYS2d 297]—

In an action, inter alia, to recover damages for assault and battery, false arrest, and violation of the plaintiff's federal civil rights, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 30, 2009, as granted those branches of the plaintiff's motion which were to compel them to respond to outstanding notices for discovery and inspection and to produce the defendant Police Officer Paul J. Rocchio for a continued deposition.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was to compel the defendants to disclose the psychological evaluations or assessments of certain police officers, and substituting therefor a provision denying that branch of the motion, and (2) by adding a provision thereto directing that the production of responsive documents be subject to an in camera inspection by the Supreme Court pursuant to Civil Rights Law § 50-a; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.

In 2006 the plaintiff commenced this action against the defendants seeking to recover damages for assault and battery, false arrest, false imprisonment, negligence, intentional infliction of emotional distress, and violation of her federal civil rights. The complaint alleged that the plaintiff was a passenger in a minivan which her boyfriend was driving on August 4, 2005, when three Suffolk County plainclothes police officers (hereinafter collectively the officers) pulled the vehicle over in Central Islip without probable cause. According to the plaintiff, one or more of the officers pulled her out of the vehicle by her hair, threw her to the ground, handcuffed her, kicked her, roughed her up, called her racial epithets, and searched her and placed her under arrest without just cause. The complaint also alleged that the plaintiff suffered, inter alia, severe physical injuries and mental injuries, which will require future medical and nursing care.

In furtherance of her case, the plaintiff served several discovery and deposition requests and moved, inter alia, to compel compliance when the defendants failed to completely comply with or respond to her demands. The Supreme Court granted most of the discovery requested. We modify.

The allegations in the complaint and the testimony at the

probable cause hearing, taken together, established a good faith factual predicate for the plaintiff to obtain access to the officers' personnel files and Internal Affairs files which might contain material relating to the subject incident (*see* Civil Rights Law § 50-a; *Blanco v County of Suffolk*, 51 AD3d 700, 702 [2008]; *Becker v City of New York*, 162 AD2d 488, 488-489 [1990]). However, the Supreme Court is required to conduct an in camera inspection of these otherwise confidential documents prior to directing their disclosure, to determine their materiality and relevance before directing such documents to be produced (*see* Civil Rights Law § 50-a [3]; *Evans v Murphy*, 34 AD3d 417, 418 [2006]; *Pickering v State of New York*, 30 AD3d 393, 394 [2006]; *Lewkowitz v County of Suffolk*, 29 AD3d 746, 747 [2006]).

Nevertheless, the Supreme Court should have denied that branch of the plaintiff's motion which was to compel disclosure of the officers' psychological evaluations or assessments, because the officers' mental health was not placed at issue in this action (*see Mann v Alvarez*, 242 AD2d 318, 320 [1997]). "The plaintiff's allegations of excessive force and false arrest do not, by themselves, place the officers' mental health in issue" (*id.* at 320). We modify the order appealed from accordingly.

The defendants' remaining contentions either are without merit or have been rendered academic. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.