■ Ren Zheng Zheng, Respondent, v Luis G. Bermeo et al., Defendants, and County of Suffolk, Appellant. [980 NYS2d 541]—

In an action to recover damages for personal injuries, the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated December 6, 2012, which, in effect, granted the plaintiff's motion to compel it to disclose all documents that were requested in paragraphs 2, 7, 8, 9, 10, 11, 14, 18, and 19 of the plaintiff's notice to produce dated November 4, 2011.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for an in camera inspection, consistent herewith, of the requested documents withheld by the defendant County of Suffolk based upon its assertion of the public interest privilege, and thereafter a new determination of the plaintiff's motion to compel the defendant County of Suffolk to disclose all documents that were requested in paragraphs 2, 7, 8, 9, 10, 11, 14, 18, and 19 of the plaintiff's notice to produce dated November 4, 2011.

The plaintiff served a notice to produce dated November 4, 2011, requesting the production of certain categories of documents allegedly within the control of the defendant County of Suffolk. The County thereafter produced certain documents, served responses to certain of the plaintiff's requests, and permitted the plaintiff to inspect its records. The plaintiff, maintaining that the County did not fully and completely respond to its request for documents, moved to compel the County to disclose all documents that were requested in paragraphs 2, 7, 8, 9, 10, 11, 14, 18, and 19 of the notice to produce dated November 4, 2011. The County opposed the motion, in effect, on the ground that the requested documents were not subject to

disclosure since they were protected by the public interest privilege. The Supreme Court summarily rejected the County's contention and granted the plaintiff's motion.

CPLR 3101 (a) broadly mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action." This provision is to be liberally interpreted in favor of disclosure (*see Melworm v Encompass Indem. Co.*, 112 AD3d 794 [2013]). Nonetheless, a party from whom disclosure is sought may seek to prevent disclosure by properly invoking a recognized privilege. "A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery" (*Melworm v Encompass Indem. Co.*, 112 AD3d at 794; *see Koump v Smith*, 25 NY2d 287, 294 [1969]; *New York Mar. & Gen. Ins. Co. v Sirius Am. Ins. Co.*, 83 AD3d 1019, 1019-1020 [2011]).

"A public interest privilege inheres in certain official confidential information in the care and custody of governmental entities" (*Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1, 8 [1999]; *see Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 117 [1974]; *Martin A. v Gross*, 194 AD2d 195, 201 [1993]). "This privilege permits appropriate parties to protect information from ordinary disclosure, as an exception to liberal discovery rubrics" (*Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d at 8; *see Cirale v 80 Pine St. Corp.*, 35 NY2d at 117). "Specifically, the privilege envelops confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged" (*Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d at 8 [citations and internal quotation marks omitted]; *see Cirale v 80 Pine St. Corp.*, 35 NY2d at 117). "The justification for the privilege is that the public interest might otherwise be harmed if extremely sensitive material were to lose this special shield of confidentiality" (*Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d at 8; *see Cirale v 80 Pine St. Corp.*, 35 NY2d at 117).

Although, as the Supreme Court noted, the County failed to produce the subject documents in order to substantiate its claim that their disclosure would harm the public interest by revealing the County's deliberative process, thereby chilling future candid evaluations of governmental decisions (*cf. Martin A. v Gross*, 194 AD2d 195 [1993]), under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to compel the disclosure of those documents without first requiring their production and

reviewing them, in camera, so that the County's assertion of the public interest privilege could be evaluated on the merits (*accord Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 566-567 [2012]). Under the circumstances presented here, since the record is insufficient to evaluate the merits of the asserted privilege, the matter must be remitted to the Supreme Court, Suffolk County, for an in camera review of the allegedly privileged documents (*see id.* at 566-567), to be undertaken after the County has provided the court with a detailed privilege log (*see* CPLR 3211), "specify[ing] the nature of the contents of the [subject] documents, who prepared the records and the basis for the claimed privilege" (*Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 442 [2003]; *accord Matter of Astor*, 62 AD3d 867, 870 [2009]; *Matter of Lieb v Henry*, 99 AD2d 757, 758 [1984]; *State of New York v Carey Resources*, 97 AD2d 508, 509 [1983]). Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.