■ GINA SCHINDLER, Respondent, v CITY OF NEW YORK et al., Appellants. [22 NYS3d 134]—

In an action to recover damages for wrongful death, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered November 5, 2014, as conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering any evidence on

the issue of liability at the trial of this matter unless the defendants produced a certain file generated by the Internal Affairs Bureau of the New York City Police Department.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the motion, to be preceded by an in camera inspection, consistent herewith, of the file generated by the Internal Affairs Bureau of the New York City Police Department.

The plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer or to preclude the defendants from offering any evidence on the issue of liability at the trial of this matter based upon their failure to respond to the plaintiff's notice for discovery and inspection, which included a request for a certain file from the Internal Affairs Bureau of the New York City Police Department (hereinafter IAB). In opposition, the City produced certain documents, including a redacted IAB file, and claimed that the redacted material in the IAB file was privileged and irrelevant. The Supreme Court summarily rejected the defendants' contention and conditionally granted the plaintiff's motion unless the defendants produced, inter alia, the complete IAB file within a specified period of time.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution . . . of an action." However, Civil Rights Law § 50-a, which codifies the standards for the disclosure of police personnel records (*see People v Gissendanner*, 48 NY2d 543, 551 [1979]), provides that a police officer's "personnel records used to evaluate performance toward continued employment or promotion . . . shall be considered confidential and not subject to inspection or review . . . except as may be mandated by lawful court order" (Civil Rights Law § 50-a [1]). Prior to issuing such an order, the court is obligated to conduct an in camera review of the requested file, "and make a determination as to whether the records are relevant and material in the action before" it, and, upon such a finding, "the court shall make those parts of the record found to be relevant and material available to the persons so requesting" (Civil Rights Law § 50-a [3]; *see Calhoun v County of Suffolk*, 123 AD3d 1074, 1076 [2014]; *McFarlane v County of Suffolk*, 79 AD3d 706, 708 [2010]).

Although the defendants failed to produce the subject IAB file in order to substantiate their claim that certain portions of that file are privileged and irrelevant, under the circumstances of this case, the Supreme Court improvidently exercised its

discretion in directing the disclosure of the complete IAB file without first requiring its production and reviewing it, in camera, so that the defendants' assertions of privilege and irrelevance could be evaluated on the merits (*see Ren Zheng Zheng v Bermeo*, 114 AD3d 743, 744-745 [2014]; *McFarlane v County of Suffolk*, 79 AD3d at 708; *Blanco v County of Suffolk*, 51 AD3d 700, 702 [2008]). Under the circumstances presented here, since the record is insufficient to evaluate the merits of the defendants' objections, the matter must be remitted to the Supreme Court, Queens County, for a new determination of the plaintiff's motion, to be preceded by an in camera inspection of the IAB file, to be undertaken after the defendants have provided the court with a detailed log (*see* CPLR 3122 [b]), specifying the nature of the contents of the redacted information, who prepared the file, and the basis for their objections to disclosure (*see Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 442 [2003]; *Ren Zheng Zheng v Bermeo*, 114 AD3d at 745). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.