The People of the State of New York, Respondent,
against
Yaser Othman, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), rendered November 21, 2013. The judgment convicted defendant, after a nonjury trial, of reckless driving.




ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a nonjury trial, of reckless driving. On appeal, he contends that the Criminal Court incorrectly denied his motion for the issuance of subpoenas, and for the court to conduct an in camera review of, and direct that the People provide him with, the personnel files of the detective witnesses in this case. Defendant further contends that the court improperly curtailed his cross-examination of the detective witnesses regarding alleged past misconduct and abuse of authority on their part. We disagree.
Civil Rights Law § 50-a, which codifies the requirements for disclosure of police personnel files (see People v Gissendanner, 48 NY2d 543 [1979]), provides, in relevant part, that
"[a]ll personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state . . . including authorities or agencies maintaining police forces of individuals defined as police officers . . . shall be considered confidential and not subject to inspection or review . . . except as may be mandated by lawful court order" (Civil Rights Law § 50-a [1] [emphasis added])."
The statute makes clear that a police officer's personnel records are confidential and that a court cannot request their production for in camera review without first holding a hearing, at which the proponent for disclosure must make "a clear showing of facts sufficient to warrant" such request (Civil Rights Law § 50-a [2]). Even when a "clear showing" has been made, a court can only order disclosure after reviewing the records in camera and, upon such review, determining that "the records are relevant and material" to the action (Civil Rights Law § 50-a [3]; see Schindler v City of New York, 134 AD3d 1013, 1014 [2015]).
Here, it cannot be said that defendant's moving papers made a "clear showing of facts [*2]sufficient to warrant" a judge's request for and review of the detectives' personnel records (Civil Rights Law § 50-a [2]; see People v Landa, 28 AD3d 582, 583 [2006]; cf. Lawrence v City of New York, 118 AD2d 758, 759 [1986]). In moving for court-ordered subpoenas of the files, defendant merely alleged that the detectives were lying and cited to his own complaint with the Civilian Complaint Review Board, as well as a federal civil rights action, purportedly against one of the detectives, which had been decided in favor of the police. Absent from defendant's motion were any facts "which showed a reasonable likelihood that the record[s] [sought] would contain relevant and material documents" (Lawrence v City of New York, 118 AD2d at 759). Moreover, the records at issue bear only on the detectives' credibility. As defendant appears to have obtained the records he sought, despite the Criminal Court's denial of an in camera review, and as the records relate only to the detectives' credibility, we find that the Criminal Court did not improvidently exercise its discretion in denying defendant's requests.
Defendant's claim that the trial court improperly curtailed his cross-examination of the detective witnesses is likewise without merit. Trial judges have "discretion to determine the scope of the cross-examination of a witness" (People v Corby, 6 NY3d 231, 234 [2005]) "and are entitled to weigh the probative value of such evidence against the possibility of confusion, unfair prejudice or cumulativeness" (People v Halter, 19 NY3d 1046, 1050 [2012]). Here, a significant amount of evidence was elicited that served to impeach the detectives' credibility. Defendant was permitted to ask one of the detectives about her testimony at a Civilian Complaint Review Board hearing. During the direct examination of another detective, the prosecutor elicited that the detective had been charged with harassment in the second degree, a violation, and had received an adjournment in contemplation of dismissal (ACD). During cross-examination, the detective testified that, as a result of the ACD, he had been placed on modified duty, answering telephone calls. During cross-examination of a detective sergeant, the court permitted defendant to ask him how many times he had been disciplined by the New York City Police Department. The sergeant replied, "[n]umerous times," and that the discipline did not relate to the case at bar. During his summation, defendant was permitted to tell the court, without objection, that one of the detectives "had a DWI [driving while intoxicated] case in Suffolk County." Under the circumstances presented, we find that the Criminal Court did not improvidently exercise its discretion in curtailing the scope of the cross-examination.
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: June 10, 2016