Board of Mgrs. of Fishkill Woods Condominium v Gottlieb (2020 NY Slip Op 03493)





Board of Mgrs. of Fishkill Woods Condominium v Gottlieb


2020 NY Slip Op 03493


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-07359
 (Index No. 50287/16)

[*1]Board of Managers of Fishkill Woods Condominium, etc., respondent, 
v
Kenneth Gottlieb, et al., appellants. (Matter No. 1.)
Kenneth Gottlieb, et al., appellants,Fishkill Woods Condominium, et al., respondents. (Matter No. 2.)


Pascazi Law Offices PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellants.
Steven A. Campanaro, White Plains, NY, for respondents.



DECISION & ORDER
In a consolidated action, inter alia, for declaratory and injunctive relief, the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 appeal from a money judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated May 8, 2018. The money judgment, upon an order of the same court dated July 19, 2017, in effect, inter alia, granting that branch of the motion of the plaintiff in Matter No. 1 and the defendants in Matter No. 2 which was for a protective order with respect to discovery demands for a letter of engagement or retainer agreement with their counsel and denying that branch of the cross motion of the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 pursuant to CPLR 3124 which was to compel the plaintiff in Matter No. 1 and the defendants in Matter No. 2 to produce a letter of engagement or retainer agreement with their counsel, and upon a decision of the same court dated April 18, 2018, made after a hearing, is in favor of the Board of Managers of Fishkill Woods Condominium, the plaintiff in Matter No. 1 and a defendant in Matter No. 2, and Fishkill Woods Condominium, a defendant in Matter No. 2, and against the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 in the total sum of $66,029.75 as an award of attorneys' fees and disbursements.
ORDERED that the money judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a new determination of the amount of reasonable attorneys' fees paid or incurred by the Board of Managers of Fishkill Woods Condominium and Fishkill Woods Condominium only in connection with the causes of action and counterclaims for recovery of unpaid common charges.
The background facts relating to this consolidated action are set forth in this Court's decision and order on a related appeal (see Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, ___ AD3d ___ [Appellate Division Docket No. 2017-03175; decided herewith]).
Prior to a hearing on the amount of reasonable attorneys' fees to be awarded the [*2]Board of Managers of Fishkill Woods Condominium (hereinafter the BOM), Fishkill Woods Condominium (hereinafter the Condominium), and Peter Galotti (hereinafter collectively the BOM parties), Kenneth Gottlieb and Terry Gottlieb (hereinafter together the appellants) served discovery demands on the BOM parties demanding, inter alia, a letter of engagement or retainer agreement between the BOM parties and their attorney and their attorney's time and billing logs. In May 2017, the BOM parties moved for a protective order with respect to certain discovery demands, including the demands for a letter of engagement or retainer agreement. In support of the motion, the BOM parties submitted, inter alia, an affidavit of Galotti, the president of the BOM, in which he averred that the BOM retained attorney Steven A. Campanaro to represent the BOM parties in this consolidated action for a billable rate of $290 per hour, which Galotti averred was reasonable and approximately 20% less than what other attorneys of similar experience and skill charge. The appellants opposed the BOM parties' motion and cross-moved pursuant to CPLR 3124, inter alia, to compel the BOM parties to produce a letter of engagement or retainer agreement.
In an order dated July 19, 2017, the Supreme Court, in effect, inter alia, granted that branch of the BOM parties' motion which was for a protective order with respect to the discovery demands for a letter of engagement or retainer agreement, and denied that branch of the appellants' cross motion which was to compel production of a letter of engagement or retainer agreement. The court directed the BOM parties to disclose all time sheets and billing logs with the dates and description of services rendered, and determined that the other disclosure demands were overly broad, duplicative, immaterial, or otherwise objectionable.
On November 1, 2017, the Supreme Court held a hearing on the reasonable attorneys' fees to be awarded to the BOM parties, during which the BOM parties' attorney testified and his billing and time logs were admitted into evidence. Thereafter, the court issued a money judgment dated May 8, 2018, in favor of the BOM and the Condominium and against the appellants in the total sum of $66,029.75 as an award of attorneys' fees and disbursements.
Contrary to the BOM parties' contentions, the appeal from the money judgment brings up for review the order dated July 19, 2017. However, the Supreme Court did not improvidently exercise its discretion by, in effect, granting that branch of the BOM parties' motion which was for a protective order with respect to the demands for a letter of engagement or retainer agreement and denying that branch of the appellants' cross motion which was to compel the production of a letter of engagement or retainer agreement.
CPLR 3101(a) provides, in pertinent part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The words, material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see Forman v Henkin, 30 NY3d 656, 661; Asphalt Maintenance Servs. Corp. v Oneil, 174 AD3d 562; Cajamarca v Osatuk, 163 AD3d 619, 620). "However, the principle of full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548; see Ramirez v New York City Tr. Auth., 132 AD3d 653, 654; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531). " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of discretion, its determination will not be disturbed'" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629).
CPLR 3103(a) provides, in pertinent part, that a court may enter a protective order "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." The party seeking a protective order bears the burden of showing that such relief is warranted (see Nimkoff v Central Park Plaza Assoc., LLC, 123 AD3d 679, 680-681; Ren Zheng Zheng v Bermeo, 114 AD3d 743, 744).
Here, the Supreme Court did not improvidently exercise its discretion by precluding [*3]the production of a letter of engagement or retainer agreement. Under the circumstances presented, the BOM parties met their initial burden of showing that a letter of engagement or retainer agreement was not relevant, and the appellants made no showing that the production of a letter of engagement or retainer agreement would result in the disclosure of relevant evidence or was reasonably calculated to lead to the discovery of relevant information (see Asphalt Maintenance Servs. Corp. v Oneil, 174 AD3d 562; Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 405).
Nevertheless, because of our determination of the related appeal (see Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, ___ AD3d ___ [Appellate Division Docket No. 2017-03175; decided herewith]), the money judgment awarding attorneys' fees and disbursements should be reversed. As we determined in the related appeal, the BOM parties were only entitled to an award of reasonable attorneys' fees in connection with the causes of action and counterclaims for recovery of unpaid common charges. Contrary to the appellants' contentions, even assuming, without deciding, that the recovery of $200 in unpaid common charges was a nominal amount in the context of this litigation, the BOM parties nevertheless prevailed on the issue of the appellants' failure to pay common charges, and the BOM and the Condominium are entitled to an award of reasonable attorneys' fees in connection with those causes of action and counterclaims (see Greenman-Pedersen, Inc. v Berryman & Henigar, Inc., 130 AD3d 514, 517; Ross v Sherman, 95 AD3d 1100, 1101).
Although we need not reach the appellants' contention that the Supreme Court improvidently exercised its discretion in determining the amount of attorneys' fees to be awarded, as there must be a new determination of the amount of attorneys' fees to be awarded in light of our determination of this appeal and the related appeal, we note our agreement with the court's application of Matter of Freeman (34 NY2d 1, 9) and the factors articulated therein (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839).
Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a new determination of the amount of reasonable attorneys' fees to be awarded to the BOM and the Condominium in connection with the causes of action and counterclaims for recovery of unpaid common charges.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court