Holloway v Orthodox Church in Am. (2024 NY Slip Op 05790)

Holloway v Orthodox Church in Am.

2024 NY Slip Op 05790

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-04694
 (Index No. 53329/21)

[*1]Patrick Holloway, respondent, 
v
Orthodox Church in America, et al., defendants third-party plaintiffs, et al., defendants; Steven Sarafian, third-party defendant-appellant.

Tilem & Associates, P.C., White Plains, NY (Peter H. Tilem and Nicole D. Walker of counsel), for third-party defendant-appellant.
Thomas Counselor at Law, LLC, New York, NY (Kathleen R. Thomas of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, retention, and supervision, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated May 4, 2023. The order, insofar as appealed from, granted the plaintiff's motion to compel the defendant Orthodox Church in America to produce the personnel file of the third-party defendant, denied the third-party defendant's cross-motion pursuant to CPLR 3103(a) for a protective order limiting the disclosure of the personnel file to those documents that predated June 1984, and directed the defendant Orthodox Church in America to produce the personnel file subject to certain redactions.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to CPLR 214-g against, among others, the defendant Orthodox Church in America and certain of its employees and agents (hereinafter collectively the Church defendants), asserting, inter alia, a cause of action alleging negligent hiring, retention, and supervision. The plaintiff alleged in the complaint and the amended complaint, among other things, that, while attending a weeklong liturgical camp in June 1984, the defendants negligently failed to prevent sexual abuse allegedly perpetrated upon the plaintiff by Steven Sarafian, a priest employed by the defendants. The Church defendants thereafter commenced a third-party action against Sarafian.
During discovery, the plaintiff served a notice of discovery and inspection and subsequently moved to compel Orthodox Church in America to produce Sarafian's personnel file. The Church defendants opposed the motion, and Sarafian cross-moved pursuant to CPLR 3103(a) for a protective order limiting disclosure of the personnel file to those documents that predated June 1984 on the ground that any documents that postdated the alleged abuse were not relevant. The Supreme Court, inter alia, granted the plaintiff's motion, denied Sarafian's cross-motion, and directed Orthodox Church in America to produce the personnel file subject to certain redactions. Sarafian appeals.
Pursuant to CPLR 3101(a),"'[p]arties are entitled to disclosure of all matter material [*2]and necessary to prosecution of the action'" (Wadolowski v Cohen, 99 AD3d 793, 794, quoting Matter of Skolinsky, 70 AD3d 845, 845; see CPLR 3101[a]). "'[A]ny matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible'" (Cajamarca v Osatuk, 163 AD3d 619, 620, quoting Bigman v Dime Sav. Bank of N.Y., FSB, 153 AD2d 912, 914). "The test is one of usefulness and reason" (Diaz v Minhas Constr. Corp., LLC, 188 AD3d 812, 813; see Pulgarin v Richmond, 219 AD3d 1356, 1358). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Pulgarin v Richmond, 219 AD3d at 1358 [internal quotation marks omitted]; see Wadolowski v Cohen, 99 AD3d at 794). Personnel records generally are discoverable where, as here, a plaintiff alleges a cause of action to recover damages for negligent hiring, retention, or supervision (see Blanco v County of Suffolk, 51 AD3d 700; Pickering v State of New York, 30 AD3d 393).
Here, the Supreme Court providently exercised its discretion in denying Sarafian's cross-motion pursuant to CPLR 3103(a) for a protective order with respect to documents in the personnel file that postdated the alleged abuse. The plaintiff demonstrated that discovery of those documents was material and necessary to the prosecution of this action, including to establish whether Sarafian was an employee of the Church defendants, whether Sarafian abused the plaintiff, and whether the Church defendants engaged in negligent hiring, retention, or supervision of Sarafian (see id.; J.L. v Roman Catholic Archdiocese of N.Y., 222 AD3d 483; Harmon v Diocese of Albany, 204 AD3d 1270; Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88; Melfe v Roman Catholic Diocese of Albany N.Y., 196 AD3d 811; Bigman v Dime Sav. Bank of N.Y., FSB, 153 AD2d 912, 914).
Sarafian's remaining contention, that the Supreme Court improvidently exercised its discretion in failing to conduct an in camera review of the personnel file prior to directing its production, is without merit.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court