Plaintiff alleges that his constitutional rights were violated by *615 the use of excessive force during his arrest as a result of the beating administered by the police officers and the attack by the police dog, which resulted in multiple surgeries to repair damage to his arm. The amended pleading sufficiently alleges that the City’s purported failure to train or supervise its employees was tantamount to an official policy or custom under the standards of 42 USC § 1983 (see Johnson v Kings County Dist. Attorney’s Off., 308 AD2d 278, 293-294 [2d Dept 2003]; Walker v City of New York, 974 F2d 293 [2d Cir 1992], cert denied 507 US 961 [1993]).
The court also properly declined to dismiss the negligent hiring and retention claim. Although the claim may be dismissed upon a proper evidentiary showing that the officers were acting within the scope of their official duties (see Karoon v New York City Tr. Auth., 241 AD2d 323 [1st Dept 1997]), defendants failed to make such a showing (see e.g. Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]; see also Pickering v State of New York, 30 AD3d 393, 394 [2d Dept 2006]).
The motion court did not err in ordering that defendants produce, for in camera inspection, the subject officers’ personnel files, including any prior Civilian Complaint Review Board complaints made against them and any prior disciplinary actions taken against them. These records are discoverable, even if the officers are acting within the scope of their employment (see McFarlane v County of Suffolk, 79 AD3d 706, 708 [2d Dept 2010]; Blanco v County of Suffolk, 51 AD3d 700 [2d Dept 2008]). Concur — Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.