| **Cruz v City of New York** |
|:---:|
| 2024 NY Slip Op 31529(U) |
| April 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158098/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO

*Justice*

PART          05M

-------------------------------------------------------------------------------X

DAVID CRUZ,

INDEX NO.          158098/2021

Plaintiff,

MOTION DATE          01/16/2024

MOTION SEQ. NO.          002

- v -

CITY OF NEW YORK, INDIVIDUAL DEFENDANTS JOHN
AND JANE DOES, MUHAMMAD AMIR, PATRICK
CHERRY, MAYKO MATOS, JOHN OCONNELL, GUSTAVO
MONTESDEOCA, KYONG KIM, ANTHONY MORALES,
VICTOR LEE, MARTA MENDEZ

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 65, 66, 67, 69, 70, 72, 73, 74, 75, 76, 77, 78, 79

were read on this motion to/for                    DISCOVERY                    .

With the instant motion, Plaintiff David Cruz ("Plaintiff") moves for an order compelling Defendant the City of New York ("City") to produce all outstanding discovery, including all discovery required by the Case Scheduling Order ("CSO") and all discovery responsive to Plaintiff's First Notice of Discovery and Inspection ("D&I"), within 30 days. In the alternative, Plaintiff seeks an order striking the City's answer for failing to comply with discovery. The City opposes Plaintiff's motion, and cross-moves for a protective order with respect to some of the discovery sought by Plaintiff's D&I.

Generally, the test for disclosure pursuant to CPLR §3101 is whether the information sought is material and necessary. The test is one of relevance, usefulness and reason (*Allen v Cromwell-Collier Pub. Co.*, 21 NY2d 403, 406 [1968]). CPLR §3101(a) requires full disclosure of all evidence material and necessary to the prosecution or defense of an action, regardless of the burden of proof (*Weber v Ryder TRS, Inc.*, 49 AD3d 865, 866 [2d Dept 2008]). The terms "material and necessary" in this statute "must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (*Matter of Kapon v. Koch*, 23 NY3d 32, 38 [2014], *quoting Allen*, 21 NY2d at 406, *supra*). To that end, CPLR §3126 authorizes the imposition of disclosure sanctions, including the striking of a pleading, for a party's failure to comply with court-ordered discovery, especially where there is a clear showing that the party's conduct is willful, contumacious or manifests bad faith (*see Irizarry v Ashar Realty Corp.*, 14 AD3d 323 [1st Dept. 2005]; *Katz v Dream Trans, Inc.*, 11 AD3d 412 [1st Dept. 2004]; *Frye v City of New York*, 228 AD2d 182 [1st Dept. 1996]). But where, as here, a party has provided generally appropriate responses to requested discovery, the striking of a pleading is inapplicable. Finally, pursuant to

158098/2021   CRUZ, DAVID vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 1 of 4

[* 1]

CPLR §3124 this court can, in its discretion, compel disclosure of information that a party fails to adequately respond to.

Here, Plaintiff submits that the City's responses to discovery sought have been wholly inadequate and that Plaintiff has made ample efforts to confer with the City in good faith, including four in-person conferences at the DCM Part, three stipulations extending deadlines, and further conferral efforts by email when deadlines were not met. When these efforts failed, Plaintiff highlights that Plaintiff obtained approval from this court to proceed by motion. The CSO discovery constitutes basic disclosures essential to a reasonable investigation of Plaintiff's claims: e.g. identification of witnesses, relevant video evidence, and contemporaneous documentary evidence. The D&I is likewise targeted to seek evidence relevant to Plaintiff's claims. For example, the requests seek contemporaneous video and documentary evidence of the alleged conduct, e.g., Requests 3, 5, & 6, relating to NYSCEF No. 38. The City does not dispute the relevance of the aforesaid records. In the absence of opposition, the City will, therefore, be directed to provide responses to Plaintiff's requests for discovery that remains outstanding and unanswered. To the extent that the City asserts that it cannot locate records that are presumed to be within its purview, the City shall provide an affidavit from a person with knowledge indicating affirmative steps that were undertaken to locate responsive documents, and the basis for the City's belief that the records either do not exist or are no longer in the possession of the City and its companion agencies. The City should further recognize that no response to Plaintiff's demands that the City has previously no responded to will not be acceptable to the court, and may result in this court finding that the City has failed to comply with its discovery obligations.

To the extent that Plaintiff is requesting body camera footage, audio recordings, and a supplemental response from the City regarding witnesses and potential officers present on body camera footage that have not previously been identified, Plaintiff has adequately shown that knowledge and information regarding the existence of these relevant items is entirely within possession of the City. Moreover, the City cites to no authority that supports the imposition of such a duty upon Plaintiff, in contravention of disclosure directed by CPLR §3101 (i), nor does the City invoke the exception pursuant to Public Officers Law § 87. Moreover, the Court of Appeals has specifically held that a plaintiff need not submit to a deposition before disclosure of relevant video recordings (*Tran v New Rochelle Hosp. Med. Ctr*., 99 NY2d 383, 389-90 [2003]). As such, any relevant recordings, body camera footage, or audio recordings in the possession of the City are discoverable. Relevant materials, in this instance, include those which depict Plaintiff during his interaction with members of the NYPD on June 1, 2020.

Notwithstanding, the court notes that the gravamen of the City's opposition and cross-motion is tailored to Plaintiff's requests for disciplinary and personnel records for the defendant officers in his D&I, demands number 9 and 10. The court is in agreement with the City's contention that Plaintiff's blanket requests for disciplinary and personnel records are palpably improper, vague, overbroad, and unduly burdensome to the extent each demand fails to specify the documents to be disclosed with reasonable particularity. Indeed, Plaintiff's demand for unredacted personnel files including the names, addresses, social security numbers, and other private information of the individually named officers is denied because this information is not discoverable and would constitute an unwarranted invasion of personal privacy under Public Officers Law § 89. Furthermore, the City correctly underscores that Plaintiff is seeking information

concerning allegations of misconduct that were not like the allegations herein, or false statements, and thus are not relevant or reasonably calculated to lead to the discovery of admissible evidence (*see In re World Trade Center Bombing Litigation*, 93 NY2d 1, 8 [1999]).

Nevertheless, Internal Affairs Bureau ("IAB") records, records of the Civilian Complaint Review Board, and disciplinary records and complaints that contain information relevant to Plaintiff's claims are discoverable (*Chavez v City of New York*, 33 Misc 3d 1214(A), *4 [Sup Ct, NY County 2011], *aff'd,* 99 AD3d 614, 615 [1st Dept 2012]; (*Rodriguez v The City of New York*, 2016 NY Slip Op 30484 [U] [Sup Ct, NY County 2016]). To the extent that these documents reference prior complaints or disciplinary actions taken against the officers, they are discoverable as well (*id*. at 5). These records are discoverable even if the officers were acting within the scope of their employment (*Chavez v City of New York*, 99 AD3d 614, 615 [1st Dept 2012]). As such, the City's cross-motion is granted to the extent that Plaintiff is narrowly entitled to prior disciplinary records for the named defendant police officers, including items similar to Plaintiff's instant allegations for a period of ten (10) years prior to and including the date of incident, subject to the appropriate redactions of privileged information including but not limited to, personal identifying information ("PII"). More specifically, the court limits disclosure to a period of ten (10) years prior to and including the date of the incident and only for items similar to Plaintiff's federal allegations of excessive force, deliberate indifference, excessive detention, denial of due process, unlawful search, harassment and intimidation, failure to intervene, and Plaintiff's state claims of assault and battery, intentional infliction of emotional distress, negligence, false imprisonment, excessive force, unlawful seizure, and unlawful search. Additionally, Plaintiff shall sign a confidentiality stipulation to prevent misuse of the confidential materials Plaintiff has demanded, including but not limited to the blanket requests for the named defendants' personnel and disciplinary records.

The court has considered Plaintiff's arguments describing the City's cross-motion as procedurally improper, and finds them unavailing. Based on the foregoing, it is hereby

ORDERED that, pursuant to CPLR §3124 that, within thirty (60) days of the service of a copy of this order with notice of entry upon Defendant the City of New York (and no later than June 21, 2024), Defendant City of New York shall produce to Plaintiff (i) all Documents and other Discovery called for by the Case Scheduling Order in this action (NYSCEF No. 14), (ii) all Documents and other Discovery requested in Plaintiff's First Notice of Discovery and Inspection to the extent described herein, and subject to appropriate redactions of privileged information; and it is further

ORDERED that, pursuant to CPLR §3126, Defendant the City of New York's failure to provide the discovery outlined may result in the striking of Defendant the City of New York's answer, unless the City of New York has fully and thoroughly complied with the above order pursuant to CPLR §3124; and it is further

ORDERED that to the extent that the City asserts that it cannot locate records that are presumed to be within its purview, the City shall provide an affidavit from a person with knowledge no later than June 21, 2024 indicating affirmative steps that were undertaken to locate responsive documents, and the basis for the City's belief that the records either do not exist or are

158098/2021   CRUZ, DAVID vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 3 of 4

3 of 4

no longer in the possession of the City and its companion agencies. The City should further recognize that no response to Plaintiff's demands that the City has previously no responded to will not be acceptable to the court, and may result in this court finding that the City has failed to comply with its discovery obligations; and it is further

ORDERED that the parties shall appear in the Differentiated Case Management Part, 80 Centre Street, Room 103, New York NY, 10013, on June 25, 2024 at 2:00 PM to ensure compliance with this court's decision and order.

This constitutes the decision and order of the court.

20240430134525HKINGOD9E0A3XC5ABB452DAF99BD36FF228D64

**4/30/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

158098/2021   CRUZ, DAVID vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 4 of 4