People v Hendricks (2024 NY Slip Op 51434(U))

[*1]

People v Hendricks

2024 NY Slip Op 51434(U)

Decided on October 22, 2024

City Court Of Utica, Oneida County

Garramone, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 22, 2024
City Court of Utica, Oneida County

People of the State of New York,

against
Roy A. Hendricks, Defendant.

Docket No. CR-2167-24

Todd C. Carville, Esq., Oneida County District Attorney, Utica (Andrew K. Rahme, Esq., of counsel), for the People
Frank Policelli, Esq., Utica, for the Defendant

Grant J. Garramone, J.

Procedural History
On or about April 10, 2024, the Defendant was charged with the following offenses:
1. Resisting Arrest in violation of Penal Law § 205.30; and
2. Obstructing Governmental Administration in the Second Degree in violation of Penal Law § 195.05.
Thereafter, the Defendant was arraigned on the charges on April 26, 2024, after being issued an appearance ticket. The People filed a Certificate of Compliance (CoC) and Statement of Readiness (SoR) on June 28, 2024. On July 16, 2024, the People filed a Supplemental CoC and SoR.
On July 30, 2024, the Defense filed an Omnibus motion seeking dismissal of the charges on the ground that the prosecution of this matter is untimely. The basis of this argument being the People have not properly declared readiness for trial as they failed to turn over all disciplinary records of the police officers involved in the Defendant's arrest.
On August 29, 2024, the prosecution filed a responding affirmation stating they have exercised "good faith" along with "due diligence," which was reasonable under the circumstances, in complying with their discovery obligations. As such, they assert the filing of their CoC tolled the speedy trial clock as it was not illusory in nature.
On September 18, 2024, the Defense filed an affirmation in response to the People's affirmation. The Court conducted oral arguments on September 23, 2024. On October 4, 2024, counsel for the Defendant filed with the court clerk a four-page document containing the written decision of the People v. Tyronne C. Clark, 2024 NY Slip Op 51296(U) (Dist. Ct. of Nassau County) in further support of their motion.
Now, upon consideration of the submissions herein, the Court finds as follows:
Legal Arguments by the Parties
The defendant sets forth that the Certificate of Compliance filed by the People should be invalidated based upon the non-disclosure of disciplinary records of Utica Police Officers [*2]Goldstein, Patterson, and Piersall. The defendant further states that the Supplemental Certificate of Compliance filed by the People did not satisfy the defective initial Certificate of Compliance.
The People oppose the defendant's motion to dismiss and argue that their Certificate of Compliance was "filed in good faith after employing diligent efforts to comply with the automatic discovery requirement."
The People add that their Certificate of Compliance was filed timely, within sixty-four days of the commencement of the speedy trial clock, and thus the Defendant's § 30.30 rights have not been violated. 
Standard of Law / Findings
As background, on January 1, 2020, the provisions of CPL Article § 245 became effective in New York State which require the People to disclose information referred to as "automatic discovery" without the necessity of filing discovery demands. The specifics of the automatic discovery provisions are made part of CPL § 245.20(1), which include twenty-one categories of items. These items are to be produced to the defendant "as soon as practical," and no later than the times prescribed by § 245.10(1)(a)(ii). Upon enactment of the statute, disclosure was required to occur within a fifteen-day period. This time frame was subsequently extended on May 3, 2020, upon amendment of the law, which now allows for discovery obligations to be fulfilled within thirty-five days, upon the defendant being arraigned on a misdemeanor complaint.
The automatic discovery obligations further require the People to disclose "all known" materials involved in the case, and to certify "due diligence" and a "good faith effort" was exercised in determining the existence of such materials.
CPL § 245.20(2) states, in pertinent portions, the following:
The prosecutor shall make a diligent, good faith effort, to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; provided the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain. For purposes of subdivision one of this section, all items and information related to the prosecution of a charge in the possession of any New York state or local police, or law enforcement agency shall be deemed in the possession of the prosecution.
As the People's obligations are set forth above, compliance with the statute must be solidified by the filing of a certificate which announces readiness and declares that all automatic discovery has been produced. (CPL § 245.50(1)) The statute states:
When the prosecution has provided the discovery required by subdivision one of section 245.20 of this article . . . it shall serve upon the defendant and file with the court a certificate of compliance. The certificate of compliance shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery. It shall also identify the items provided. If additional discovery is subsequently provided prior to trial pursuant to section 245.60 of this article, a supplemental certificate shall be served upon the [*3]defendant and filed with the court identifying the additional material and information provided.
It is clear by the plain language of the statute, a certificate of compliance itself must state disclosure has been made upon exercising due diligence, in good faith, and reasonable inquiries being made as to whether certain information exists. Since the enactment of CPL § 245, there has been consistency between the courts, which have held, the People are required to "comply with all discovery obligations outlined in section 245.20, as a prerequisite to their filing of a valid statement of readiness." (People v. Villamar, 69 Misc 3d 842 [Crim Ct, New York County 2020]) The production of all automatic discovery is considered a "condition precedent" to the People filing a proper certificate of compliance. (People v. Napolitano, 67 Misc 3d 1241(A) [Sup. Ct. NY County 2020]) The court is also mindful the "guiding principles when evaluating the validity of a COC must be good faith, due diligence, and reasonableness under the circumstances" (People v. Ferrer, 72 Misc 3d 12112(A) [Crim Ct, Bronx County 2021]) Trial readiness is now directly tied to the People fulfilling their discovery obligations and "absent a valid exception, a COC filed prior to discovery compliance is illusory and does not stop the speedy trial clock. (People v. Cooper, 71 Misc 3d 559 [Co. Ct., Erie County 2021])
In the event additional discovery is provided, in accordance with CPL § 245.60, the People must comport with the filing and service requirements pertaining to a supplemental certificate, as defined in CPL § 245.50[1]. Furthermore, "no adverse consequences to the prosecution or prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances, but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article" (CPL § 245.50[1]). It is noted that on May 3, 2020, CPL § 245.50(1) was amended to include the phrase "reasonable under the circumstances", indicating that disputes pertaining to discovery must be examined on a case-by-case basis taking into consideration the underlying circumstances. (People v. Bruni, 71 Misc. 3 913 [Albany County Ct., 2021] Furthermore, upon the initial enactment of CPL § 245, it was contemplated the People's discovery obligation is one that is ongoing, as there would be no need for a "prejudice" evaluation as outlined in CPL § 245.80, in the event of non-compliance. (People v. Askin, 68 Misc 3d 372 [Nassau County Ct, 2020]) However, it is noted that pursuant to CPL § 245.80(1)(b) that if material is lost or destroyed prejudice need not be shown, for a sanction to be imposed.
There are three circumstances where non-disclosure is permissible as part of automatic discovery. First, as situations when the People exercise diligent efforts, to determine the existence of information subject to disclosure, and subsequent new or "unanticipated material or information may later surface." (People v. Adrovic, 69 Misc 3d 563 [Crim Ct. Kings County 2020]) Under these circumstances a "Supplemental Certificate of Compliance" must be filed in an expeditious manner. (CPL § 245.60) The second instance is upon diligent efforts being undertaken to acquire materials and "good cause" exists to grant an extension for the actual production of the discoverable information. (CPL § 245.70(2)) This is done by motion, or a request being made by the People and, will typically involve voluminous materials which may include video footage from body worn or surveillance cameras. Lastly, CPL § 245.50(3) allows for the People to make application to the court for a finding of "exceptional circumstances" for the non-production of discoverable information. These situations must be considered on the underlying factual basis, as there is no definition of what criteria must be met.
Prior to the court considering whether an exception exists, a threshold determination must be made as to whether the certificate of compliance is proper as required by statute. To this end, the People must certify in good faith that they exercised due diligence and made reasonable inquiries to ascertain all information subject to discovery. After having done this, the prosecution must have disclosed and made available all known material and information subject to discovery. In the event the People do not file a proper certificate, the statement of readiness is invalid and "ineffective to stop the speedy trial clock." (People v. Nisanov, 78 Misc 3d 1224(A) [Crim. Ct., Queens County 2023]) As this case involves the exchange of information between a law enforcement agency, namely the Utica Police Department and the Oneida County District Attorney's Office, the provisions of CPL § 245.55(1) need to be referenced. This portion of the automatic discovery statute is entitled "Flow of Information" and states:
1. Sufficient communication for compliance. The district attorney and the assistant responsible for the case . . . . shall endeavor to ensure that a flow of information is maintained between the police and other investigative personnel and his or her office sufficient to place within his or her possession or control all material and information pertinent to the defendant and the offense or offenses charged, including, but not limited to, any evidence or information discoverable under paragraph (k) subdivision one of section 245.20 of this article.
2. Provision of law enforcement agency files. Absent a court order or a requirement that defense counsel obtain a security clearance mandated by law or authorized government regulation, upon request by the prosecution, each New York state and local law enforcement agency shall make available to the prosecution a complete copy of its complete records and filed related to the investigation of the case or the prosecution of the defendant for compliance with this article.
With this statutory framework in mind, it is clear the burden rests upon the People to demonstrate diligent efforts were undertaken to determine the existence of automatic discovery materials and then disclose all information subject thereto. People v. Bay, 41 NY3d 200 (2023).
The dispute in the case at bar centers around what information the People are, or are not, required to turn over related to disciplinary records for UPD Sergeant Goldstein, Officer Piersall, and Officer Patterson.
CPL §245.20 states: 
1. Initial discovery for the defendant. The prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to:
(k) All evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to:
(iv) impeach the credibility of a testifying prosecution witness. (emphasis added)
Unequivocally, there is now a statutory obligation placed upon the People to provide information that tends to impeach the credibility of a testifying witness. That obligation is further directed by Brady and Giglio. See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. [*4]United States, 405 U.S. 150 (1972). The People's CoC, filed June 28, 2024, indicates that they have turned over "Brady/Giglio Information (CPL § 245.20(1)(k))" and that "Officer Personnel Records" are found at the attached website link (see People's CoC page 17). The next page of the CoC, titled "Record of Disciplinary Action Prospective Trial Witnesses" lists the law enforcement personnel the People intend to call as witnesses at trial. As to the three officers in question, the list states:
"Charles Goldstein — Please see DEMS
Bryce Patterson — Please see DEMS
Kyle Piersall — Please see DEMS"
The list does not outline what information exists or was turned over. No DEMS compliance report was attached to the People' CoC or Supplemental CoC.
However, the Court is led to believe, based upon the submissions of both parties, that the "please see DEMS" language refers to a document titled "Law Enforcement Questionnaire" which the Defense attached to their motion as Exhibits B, C and D. The defendant contends that this document, and the link the People pointed them toward, do not provide a complete disciplinary record for Utica Police Officers Goldstein, Piersall, and Patterson. Namely, the Defense argues the records have not been updated since 2021 and are self-serving. As for Officers Patterson and Piersall, the Defense argues the records fail to include excessive force complaints against both officers.
While the Defense argues there is a difference between personnel and disciplinary records, the Court finds that disciplinary records are a subset of personnel records. Personnel records encompass both the positive and negative histories of each officer. Chavez v. City of New York, 99 AD3d 614 (1st Dep't 2012).
Additionally, the Court acknowledges both the People and the Defense made numerous citations and arguments relative to precedent outside this Court's department. However, where a court's own appellate division has established precedent on an issue, that court must follow the precedent of its own department. Only in the absence of relevant decisions in its own department is a trial court bound to follow applicable decisions of another. See Heymatch v. Cardiac Pacemakers Inc., 183 Misc 2d 584 (Supp. 1999); Ross Bicycles, Inc. v. Citibank, N.A., 149 AD2d 330 (1st Dep't 1989); Carmody-Wait 2d § 2:333
The Fourth Department, to which this Court is bound, has already established precedent on this issue. According to the Fourth Department, the defense is not automatically entitled to the entirety of a police officer's personnel file, but instead is entitled only to the information "related to the subject matter of the case." People v. Johnson, 218 AD3d 1347 (4th Dep't 2024) citing CPL 245.20[1]; People v. Rojas-Aponte, 223 AD3d 1264 (4th Dep't 2024) citing CPL 245.20(1)(k)(iv). Further, the Fourth Department has ruled the defense is only entitled to the records of individuals who the People indicate will be testifying at trial. People v. Cooperman, 225 AD3d 1216 (4th Dep't 2024)
The Court in this instance finds that the People did employ good faith and due diligence in obtaining and turning over all records relevant to the subject matter of the case. As evidenced by their CoC and SoR, the People provided the Defendant with access to a website containing the officer's personnel records. While the Defense argues these records are outdated, the People asserted at oral arguments that they took the additional step of speaking with personnel at the Utica Police Department to ensure all records were up to date. The People then filed a [*5]Supplemental CoC containing additional information as soon as they became aware of its existence.
While the Court does find the People took sufficient steps in this case to ensure all records were properly turned over to the Defense, the Court must note that the "Law Enforcement Questionnaires" (Defense Exhibits B, C and D) are, on their own, insufficient to comply with the People's discovery requirements. The Fourth Department has found the use of a screening committee to review law enforcement disciplinary records is insufficient. People v. Sumler, NY Slip Op 03307 (4th Dep't 2024) citing People v. Rojas-Aponte, 224 AD3d 1264, 1266 (4th Dep't 2024). The questionnaires provided by the People, as discussed during oral arguments, are self-serving documents filled out by law enforcement and screened by members of the District Attorney's Office. The questionnaires do not provide sufficient information to ascertain the existence of pending or completed disciplinary investigations of officers, and most questions require only a simple "yes" or "no" answer. For example, Defense Exhibit C depicts the questionnaire of UPD Sergeant Goldstein. Under the heading "Civil Lawsuits," when asked about any pending lawsuits against him and their status, the written answer is simply "I believe all are over with." This is insufficient for a member of the Defense to be able to ascertain whether there is any pending litigation against the officer, and specifically whether it is relevant to the case at hand. As such, this Court finds the "Law Enforcement Questionnaire's" insufficient on their own to comply with the People's requirements under CPL §245.20(1).
While the Court has found the People did exercise due diligence and good faith in ensuring all information relevant to the subject matter of the case was turned over to the Defense, the Court must still ensure their Certificate of Compliance was timely filed. Sixty-four (64) days passed between the date the Defendant was arraigned and the filing of the People's CoC, thus resulting in 64 days having lapsed for speedy trial purposes. In its speedy trial analysis, the court must then add any post-readiness periods of delay attributable to the People which are not subject to an exclusion for a final determination to be made. People v. Manchester, 123 AD3d 1285 (3rd Dep't 2014). Upon review of the record, the court finds there is no additional time to be charged to the People in this regard as all adjournments were upon consent, at the defendant's request, or for the purpose of considering an offer to resolve the matter. 
Based upon the findings herein, the People did properly announce readiness within the statutorily required ninety days, and thus there has been no speedy trial violation. The Defendant's motion is therefore DENIED.
The matter shall come before the court for a virtual pre-trial conference on November 4, 2024, at 1:00 P.M.
This constitutes the Decision and Order of the Court.
ENTER:
HON. GRANT J. GARRAMONE
UTICA CITY COURT JUDGE
Dated: 10/22/2024